DONALD M. HAMILTON AND OTHERS v.
ROBERT W. KILLIAN, d.b.a.
MALMO BAY LODGE, AND OTHERS.

207 N. W. 2d 703.

May 25, 1973—No. 43720.

*Hagglund & Johnson* and *Clarence E. Hagglund,* for appellants.

*Miller, Neary & Zins* and *John M. Miller,* for respondents.

Heard before Knutson, C. J., and Peterson, Todd, and MacLaughlin, JJ.

PER CURIAM.

Defendants Robert W. Killian and Lorraine Killian appeal from the denial of their motion for a new trial. They argue that a new trial is required on the grounds that the evidence does not justify the verdict, that the court erred in permitting plaintiffs to reopen their case in chief to provide additional foundation testimony, and that the final argument of plaintiffs' counsel was prejudicial. We affirm.

Plaintiffs were injured in a head-on automobile collision which occurred on November 8, 1969, on County Road No. 28 in Mille Lacs County. The driver of the other vehicle, Darrell Westerlund, was killed in the accident. There is no dispute in the evidence that the accident was caused by the negligence of decedent. The evidence discloses that Westerlund began drinking intoxicants on Friday evening, November 7, 1969, and continued to do so throughout the entire night without sleep and the following day until 4:50 p.m., the time of the accident.

Decedent and his companions arrived at the Malmo Bay Lodge, a licensed on-sale liquor establishment operated by defendants Killian, between Saturday noon and 1 p.m. and remained there until shortly before the accident. Decedent did leave the establishment for approximately 15 to 30 minutes to take a companion to the latter's car but returned and had at least one additional drink prior to departing with the same companion.

Plaintiffs' evidence discloses no direct testimony that decedent was intoxicated at the Malmo Bay Lodge except that one of plaintiffs' witnesses testified that he didn't think decedent was "feeling any pain" just prior to the arrival at Malmo Bay Lodge. Evi-

dence presented by defendants' witnesses was to the effect that decedent appeared normal. The parties stipulated that a blood sample of decedent taken after the accident showed an alcoholic content of .26 at the time of the collision. Both parties presented evidence by experts interpreting such a finding and relating it to the evidence regarding the drinking in which decedent had participated before the accident.

At the close of the evidence a motion dismissing defendant Fred Rubin, a bartender employed by Malmo Bay Lodge, was granted. The case was then submitted to the jury, which returned a verdict in favor of plaintiffs against defendants Killian.

The trial court in an excellent memorandum accompanying its order denying a motion for judgment notwithstanding the verdict or, in the alternative, for a new trial, most adequately disposes of the question raised as to the sufficiency of the evidence to support the verdict. The trial court there said:

"However, for the purposes of this motion, it is not my obligation to determine factually whether or not a sale of intoxicating liquor was made by the owners of the liquor establishment, or persons in their employ, to Darrell Westerlund after he was intoxicated. My function is to determine whether or not there is evidence which would support such a determination by the jury which had to be done in order to answer the special interrogatories submitted to the jury for answer and which supports the award made; and for the purposes of this motion the evidence must be considered in the light most favorable to the cause of plaintiffs.

"The jury could find from the evidence and the stipulation made by counsel that at the time a blood test was made after the accident, the blood of the decedent, Darrell Westerlund, had an alcoholic content of .26 per cent. An expert testified in behalf of the plaintiffs that when blood contained an alcoholic content of in the vicinity of .15 per cent, there would be overt symptoms of intoxication the most common ones of which would be a staggering gait, slurring of speech, and the giggling type of be-

havior. This expert was of the opinion that this would occur usually at a level of .15 and .20 per cent. This same expert stated that where there was a blood alcoholic content of .25 the individual would be approaching the point of stupor and would obviously show overt evidence of intoxication. One of the companions of the deceased driver also acknowledged that he had been drinking and obviously was 'feeling no pain'. Therefore, on the basis of the admitted alcoholic content in the blood of this decedent, and when viewed in the light of the testimony of the so-called experts, there was certainly a prima facie case made as to whether or not said decedent was in fact intoxicated at the time of the accident.

"Estimates as to his drinking at the bar operated by the defendants ranged from three drinks to seven or eight drinks. The expert testified that each drink would contribute a percentage of intoxication of .02, and the same expert was of the opinion that from natural absorption of alcohol in the system or by burning as indicated over a period of time, the effect of the blood alcohol in the system would reduce at the rate of approximately .025 to .035 per cent per hour. The same expert was of the opinion that each drink would produce blood alcohol of about .02 per cent. Using these various figures, dependent upon what the jury would determine to have been the consumption of alcohol in the defendants' establishment during the hours preceding the happening of the accident, a determination could have been made when this individual entered the Malmo Bay Lodge, the alcoholic content in his blood was in the approximate range of .30 or .25. From this evidence the jury could reasonably conclude that at some stage the said decedent was intoxicated and that a sale was made to him when intoxicated. Therefore, I believe that there is sufficient evidence to sustain the finding of the jury on this issue."

We agree and adopt the statement of the trial court.

Allowing plaintiffs to reopen their case for purposes of presenting additional foundation testimony is a matter within the

discretion of the trial judge and his action will not be disturbed on appeal since there is no evidence to show any abuse of discretion. Lerner v. City of Minneapolis, 284 Minn. 46, 169 N. W. 2d 380 (1969) ; State, by Lord, v. Casey, 263 Minn. 47, 115 N. W. 2d 749 (1962).

We have reviewed the final argument of plaintiffs' counsel and do not find it to be prejudicial. The memorandum of the trial court as to this issue is correct. It states:

"* * * When sentences are taken out of context they always seem to sound worse than they sound at the time an argument is made. I listened carefully to the argument of plaintiffs' counsel and did not deem that the same was prejudicial."

Affirmed.