WARREN B. KING AND ANOTHER, d.b a. KING & LOMMEN, v.
NORMAN W. LARSEN.

235 N. W. 2d 620.

November 21, 1975—No. 45542.

*Meagher, Geer, Markham, Anderson, Adamson, Flaskamp & Brennan,
O. C. Adamson II,* and *W. D. Flaskamp,* for appellant.
*Maurice H. Rieke,* for respondents.

PER CURIAM.

Defendant appeals from a judgment of the District Court of Hennepin
County. The only issue raised on appeal is whether the trial court erred
in denying defendant's motion to reopen to take further testimony of
one of the witnesses at trial.

Allowing a party to reopen his case for the purpose of presenting ad-
ditional testimony is a matter within the discretion of the trial court,
and his action will not be disturbed on appeal absent a showing of
abuse of that discretion. Hamilton v. Killian, 296 Minn. 256, 207 N. W.
2d 703 (1973); State, by Lord, v. Casey, 263 Minn. 47, 115 N. W. 2d 749
(1962); 19A Dunnell, Dig. (3 ed.) § 9716.

By affidavit in support of the motion to reopen, the proposed witness
stated that he had read the transcript of his testimony at trial and
found that his testimony did not "reflect the true state of affairs." It
is apparent that this witness intended to recant his prior testimony. De-
fendant offers no reasonable excuse for the disparity between the wit-
ness' sworn testimony at trial and sworn affidavit. We have stated that
a mere inadvertence is not sufficient to require the reopening of a case
to receive new evidence. State ex rel. Trevarthen v. City of Eveleth, 179

Minn. 99, 228 N. W. 447 (1929). We find that the trial court did not abuse its discretion in denying defendant's motion.

Affirmed.