GEORGE P. JOHNSON *vs.* LOUIS KRASSIN.

June 29, 1878.

**Recovery of Consideration Paid on a Contract Void by Statute of Frauds.**— Plaintiff, by defendant's permission, purchased, in defendant's name, a town lot for two hundred and fifty dollars, paying seventy dollars thereon, and taking a contract of purchase in defendant's name, upon defendant's promise to hold the lot in trust for plaintiff, and to transfer the same to him when requested. Defendant executed in duplicate the contract of purchase, but refused to deliver and to assign the same to plaintiff when requested; and, in disregard of his promise, and without the consent or knowledge of plaintiff, sold and assigned the contract, and all his right, title and interest in the lot, to M., for a good and valuable consideration. Payment of said sum of seventy dollars was refused by defendant, upon plaintiff's demand therefor. The agreement between plaintiff and defendant was parol. *Held*, that upon this state of facts, the plaintiff may maintain an action to recover said sum of seventy dollars, in the nature of the common-law action of *assumpsit* for money paid.

Appeal by plaintiff from an order of the district court for Waseca county, *Lord*, J., presiding, sustaining a demurrer to the complaint.

*B. S. Lewis*, for appellant.

*P. McGovern*, for respondent.

BERRY, J. It is alleged in the complaint that the plaintiff, by defendant's permission, purchased, in defendant's name, a town lot for two hundred and fifty dollars, paying seventy dollars thereon, and taking a contract of purchase in defendant's name, upon defendant's promise to hold the lot in trust for plaintiff, and to transfer the same to him when requested. It is further alleged that the defendant executed in duplicate the contract of purchase, and that he refused to deliver and

assign the same to plaintiff when requested; and that in disregard of his promise, and without the consent or knowledge of the plaintiff, he sold and assigned the contract, and all his right, title and interest in and to said lot, to one Masson, for a good and valuable consideration. The complaint further states that payment of said sum of seventy dollars has been demanded of defendant by plaintiff, but has been refused. This action is brought for the recovery of the same and interest.

From the form and character of the averments of the complaint in that behalf, the fair inference is that the alleged agreement between the plaintiff and defendant rested in parol, and was not in writing. The facts set up in the complaint do not make out a case of a trust resulting by act or operation of law, because such resulting trust arises only upon an *actual conveyance* of land, and not upon an executory contract for such conveyance, or to hold land in trust. *Green* v. *Drummond*, 31 Md. 79; Browne on Frauds, § 84 (citing *Page* v. *Page*, 8 N. H. 187; *Rogers* v. *Murray*, 3 Paige, 390; *Jackson* v. *Morse*, 16 John. 199;) Sugden on Vendors, 701; Perry on Trusts, §§ 126, 133, 142; *Durfee* v. *Pavitt*, 14 Minn. 424. Neither do they make out an express trust, for that must be by deed or conveyance in writing, as provided in Gen. St. c. 41, § 10. Neither do they make out a case of a valid agreement for the conveyance of lands, or any interest therein, because no such agreement is expressed in writing as prescribed in Gen. St. c. 41, § 12, and no facts are alleged dispensing with the necessity of such writing, As the facts stated in the complaint do not make out either a resulting trust, or an express trust, or an agreement for a conveyance, we are of opinion that there is no ground upon which it can justly be contended that the alleged promise, whether express or implied, of the defendant, to "transfer" to the plaintiff, was valid and binding as imposing upon the defendant any legal obligation to "transfer" or convey the lot to plaintiff. The defendant, being thus under no legal obligation to per-

from his alleged promise, has (as the complaint shows) repudiated his promise, and disabled himself from performing it.

The effect of the allegation of the complaint is, then, to show that the defendant has received and appropriated to his own use the whole benefit of a payment of money made to a third person by the plaintiff, with defendant's knowledge and express consent, and as part of a transaction to which he was a party, the direct result of which payment was to confer upon him the benefits spoken of, and further, that the payment was not made, nor intended nor understood to be made, as a gift or gratuity to the defendant. Upon such a state of facts, we are of opinion that an action lies in favor of the plaintiff to recover said sum of seventy dollars, in the nature of the common-law action of *assumpsit* for money paid, an action which was maintainable in any case in which the plaintiff had paid money to a third party, at the request, express or implied, of the defendant, and with an undertaking, express or implied, on his part, to repay it. 2 Chit. Cont. 880; 2 Greenl. Ev. § 113.

Order reversed.