DANIEL D. MERRILL *vs.* SAMUEL DEARING.

SAMUEL DEARING *vs.* DANIEL D. MERRILL.

August 24, 1891.

**Real Property—Action for Possession — Equitable Title.—** Under our system of practice, a plaintiff may allege and prove the facts showing himself the equitable owner of land, and thereupon recover the possession thereof as against the holder of the naked legal title or a stranger.

**Same—Requisites of Complaint.—** But he must by his complaint exhibit the nature of his title, and the law has not dispensed with the necessity of pleading the facts showing his equitable title.

**Same—Complaint Alleging Legal Title — Proof of Equitable Title.—** Under a complaint distinctly alleging a strictly legal title as owner in fee, he will not be permitted to prove and recover upon an equitable title.

In the first of these actions the plaintiff, and in the second the defendant, appeals from a judgment of the district court for Ramsey county, where the actions were tried by *Otis, J.,* without a jury.

*Williams & Goodenow,* for appellant.

*John B. & W. H. Sanborn,* for respondent.

VANDERBURGH, J. The plaintiff in the first action alleges in his complaint that ever since April 30, 1877, he has been and now is the owner in fee and seised of an estate of inheritance in the several village lots in Nelson, Stevens & King's addition to West St. Paul, particularly described in the complaint; alleges that defendant is in the wrongful possession thereof; and demands judgment for the recovery of such possession. By this complaint the defendant is notified that plaintiff's claim is that he is the holder of the legal title to the premises as owner in fee. The defendant by his answer denies that the plaintiff is the owner of the property, and alleges title in fee in himself as owner, and also sets up the statute of limitations against this action, alleging that the plaintiff, his ancestor or grantor, was not seised or possessed of the premises described in the

complaint at any time within 20 years before the action was commenced, and further pleads specially certain tax-titles, and alleges the sums paid for taxes thereon.

The court finds that on the 30th day of April, 1877, one Mary Ann Stevens was the owner of an undivided half of the lots described in the complaint, and that the plaintiff (Merrill) has since acquired his title by deed. And the court also finds that on and prior to the 29th day of April, 1877, the defendant, Samuel Dearing, was the owner of an individed half of each of the lots in question, and that he is still such owner. It is further found "that on the 8th day of October, A. D. 1867, one Ira Bidwell and Eunice B. Bidwell, his wife, for a valuable consideration then paid to them by said defendant, Samuel Dearing, made a deed of all the lots hereinbefore described to said Samuel Dearing, and delivered the same to him ; and thereupon the said Dearing, in the fall of the year A. D. 1867, under the said deed and in good faith, and without any actual notice of any defects invalidating said deed, peacefully took possession of all the said lots, and has ever been and still is in possession thereof; and that said deed was, on the 12th day of October, A. D. 1867, duly recorded in the office of the register of deeds of Dakota county, in which county said lots were then situated, in Book Z of Deeds, on pages 335 and 336." The amount of taxes paid by defendant, since 1873, upon the premises, is also stated, and judgment awarded to plaintiff for the possession of an undivided half of the lots described, upon payment of one-half the taxes so paid, and defendant is found to be the owner of the other undivided half of the same lots.

The legal questions involved in the second action are, as we understand, the same as those to be considered in the first, the subject-matter being different. It is unnecessary to refer in detail to the proceedings in the second action, the determination of which must depend upon the same questions which will be discussed and considered in the first action.

The defendant concedes that he acquired no title under tax-sales or tax-deeds, and also concedes that the plaintiff is the owner of an undivided half of the 28 lots in question, subject to his lien for taxes paid by him as tenant in common. The sole question, then, in the

first action, is whether plaintiff is the owner of the whole or one-half only of the property.

The lots in controversy are all within the S. W. ¼ of the N. E. ¼ of section 7, township 28, range 22, which was patented to Charles A. Bullen in 1855. The plaintiff derived title to one undivided half through Mrs. Stevens, who acquired the title thereto from Bullen, and in respect to the other undivided half in controversy here he claims the same through mesne conveyances from the patentee, and, to substantiate his title, introduced the record of a deed from Joseph A. Bullen to D. A. J. Baker, dated September 13, 1856, which purports to convey the undivided half of the S. W. ¼ of the *S. E.* ¼ of section 7, and not the S. W. ¼ of the N. E. ¼ thereof. The original deed being lost, secondary evidence was introduced, tending to show that it described the first-mentioned 40-acre tract covered also by the patent, and that there was a mistake in recording the deed. This evidence was controverted by the defendant's testimony, and the issue thereon appears to have been found against the plaintiff. In 1860 Joseph A. Bullen executed a deed of assignment, conveying all his estate, real and personal, in trust, to one Brace, for the benefit of his creditors; and afterwards, in September, 1877, Brace specifically conveyed the 40-acre tract in question to the defendant, Dearing, who also, on the 15th day of August, 1877, had obtained a quitclaim deed of the same tract of Joseph A. Bullen, both of which deeds were recorded in October, the same year. Afterwards, in the year 1878, Bullen executed a corrected and confirmative deed to Baker, reciting the error in the former deed, and conveying the undivided half of the S. W. ¼ of the N. E. ¼ of section 7. The evidence tends to show that Bidwell was in possession under tax-deeds in 1867.

It is claimed by the plaintiff that it is shown that Baker had been previously in possession under Bullen's deed to him; that Bullen never had any interest in the land erroneously described; that the error in the deed is manifest from the records; and that the plaintiff has succeeded to the equitable rights and title of Baker, which are superior to those of the plaintiff, who, as against him, should be adjudged to hold the naked legal title only. The facts establishing plaintiff's equitable title are not found by the court, which finds, as

above, that the defendant is owner in fee. The plaintiff insists that this is erroneous. But, having failed to prove that Baker's deed correctly described the land, the plaintiff is compelled to rely upon his equitable rights as disclosed by the evidence and the facts showing them. In other words, the complaint simply alleged that plaintiff was the owner in fee by deed from Stevens, who was seised of an estate of inheritance, which means a legal, and not a mere equitable, ownership; and, having failed to establish ownership in fee, he insists that the evidence discloses that he has an equitable title, which should have been recognized and enforced. Under our system of practice, a separate independent action is not necessary to establish a plaintiff's equitable right to recover the possession of land as against one who holds the naked legal title, as, for example, an action for the reformation of a deed or specific performance. He may allege and prove the facts entitling him to recover upon an equitable title shown to be superior to the defendant's legal title, and the court will afford him the appropriate relief in one and the same action. *Hoppough* v. *Struble,* 60 N. Y. 430; Pom. Rem. § 101. As is well stated in *Crary* v. *Goodman,* 12 N. Y. 266: Under the present system, "the question in an action is not whether the plaintiff has a legal right or an equitable right, or the defendant a legal or equitable defence against the plaintiff's claim, but whether, according to the whole law of the land applicable to the case, the plaintiff makes out the right which he seeks to establish, or the defendant shows that the plaintiff ought not to have the relief sought for." But the law of the land has not dispensed with the necessity of pleading the facts necessary to establish an equitable right; and, as an equitable title is distinguishable from a legal one, so the assertion of it, and recovery under it, must proceed upon equitable principles. A party must exhibit the nature of his title by his pleading. *Gibson* v. *Chouteau,* 13 Wall. 92; *Groves* v. *Marks,* 32 Ind. 319. Here, as we have seen, the plaintiff, Merrill, distinctly pleaded a legal title, and failed to establish it; and his equitable cause of action was not tried by consent as if properly pleaded. The finding and decision were therefore right.

Judgments affirmed.