## G. M. WATTERS v. NORTHERN PACIFIC RAILWAY COMPANY. W. H. KOCH, APPELLANT.[1]

February 7, 1919.

No. 21,059.

**Executory contract of sale — specific enforcement by vendee in fact.**

Defendant Koch consented to act as a nominal vendee in a contract for the purchase of land by plaintiff, and verbally agreed that upon the conveyance to him by the vendor he would in turn convey to plaintiff, who paid the purchase price of the land. The transaction was ex-

[1]Reported in 170 N. W. 703.

ecutory, and the vendor refuses to convey to either party until the controversy between them is adjusted. It is *held*, that the transaction being wholly executory is not affected by G. S. 1913, § 7002 or § 6706, and may be enforced by plaintiff.

Action in the district court for Hennepin county to compel the conveyance of certain land. The separate answer of defendant company alleged that it was at all times ready and willing to convey the land to the party legally entitled to it, as the court might decree. The separate answer of defendant Koch alleged that an agreement was made in writing with defendant company to convey the land to defendant for the consideration of $960. The case was tried before Dickinson, J., who made findings and ordered judgment in favor of plaintiff. From an order denying his motion for judgment notwithstanding the decision or for a new trial, defendant appealed. Affirmed.

*Laybourn & Cary,* for appellant.

*Hoke, Krause & Faegre,* for respondent.

BROWN, C. J.

There is no controversy about the facts of this case. Plaintiff had selected a tract of land belonging to defendant railroad company and situated in the state of Montana which he desired to purchase, and he applied to the company therefor. For reasons not here material he did not care to have the true consideration stated in the conveyance, but the company declined to so transfer or sell the land, and insisted that the contract and conveyance should express the true purchase price paid. Whereupon plaintiff requested defendant Koch to act in the nominal capacity of purchaser, plaintiff to pay for the land, and Koch consented to so act, agreeing on the completion of the transaction to make such conveyance or assignment as should become necessary to vest the title of the land in plaintiff. A formal written application to purchase the land was then prepared in the name of and which Koch signed as purchaser. Plaintiff presented the application to the proper officer of the railroad company together with the purchase price of $960. The application was by its terms made subject to the acceptance of the company and constituted as a matter of law an executory contract of purchase. It was subsequently accepted by the company, and both Koch and plain-

tiff claimed a conveyance. Koch had declined to carry out his agreement with plaintiff. With the controversy between plaintiff and Koch before it, the company declined to convey the land to either, until the dispute was settled in a manner to protect it from further liability.

Plaintiff then brought this action to compel a conveyance of the land to him, and on the facts stated the court below awarded judgment in his favor. Defendant Koch appealed from an order denying a new trial.

The contention of defendant is that the transaction by which the contract for the purchase of the land was taken in his name, pursuant to his verbal agreement to assign his rights or convey the land to plaintiff when deeded by the railroad company violates section 7002, G. S. 1913, and therefore unenforceable. The contention is not sustained. That statute provides that no estate or interest in lands, other than certain leases, nor any trust or power over or concerning lands shall be created, granted or declared except by operation of law or by deed or conveyance in writing. If the transaction in question had culminated in a deed of the land by the railroad company to defendant Koch, a trust would have arisen in plaintiff's favor by operation of law, founded upon the verbal promise of Koch then to convey the land to plaintiff, which would have been enforceable at common law; a trust which section 7002 expressly excludes from its operation and effect. 39 Cyc. 104, 112. But the title to the land was not conveyed to Koch. The transaction still remains in its original executory form and is not invalid under that statute. For the same reason the transaction is not affected by section 6706, G. S. 1913, also relied upon by defendant. That statute declares that when a grant for a valuable consideration is made to one person, and the consideration therefor is paid by another, no trust shall result in favor of the one by whom the payment is made. But we have uniformly held that statute inapplicable to executory contracts for the sale of lands. Johnson v. Krassin, 25 Minn. 117; Haaven v. Hoaas, 60 Minn. 313, 62 N. W. 110; Minneapolis & St. Louis R. Co. v. Lund, 91 Minn. 45, 97 N. W. 452. If the railroad company had in fact conveyed the land to Koch, a different question would have been presented. But since no such conveyance was made, plaintiff may enforce the contract, and the court was right in directing a conveyance of the land to him.

The case of Haaven v. Hoaas, supra, does not support defendant's

contention. The court in that case treated the certificate of sale there representing the rights of the parties as a conveyance of the land, and thus brought the case within section 6706. The other cases cited by defendant are not in point. None of them were based on an executory contract as in the case at bar.

In disposing of the case we have treated the questions involved as though the transaction was a Minnesota contract and governed by its laws. But the same conclusion would necessarily follow were the Montana law applied. The trust arising from the transaction is valid at common law in this state. There is no showing in the evidence as to the Montana statutory law on the subject, and we must therefore presume that the common law on the subject prevails in that state. Crandall v. Great Northern Ry. Co. 83 Minn. 190, 86 N. W. 10, 85 Am. St. 458.

Order affirmed.