# CATHERINE E. DREES v. FREDERICK GOSLING AND ANOTHER.[1]

October 18, 1940.

No. 32,449.

*John J. Dudley,* for appellants.
*Coller & Coller,* for respondent.

STONE, JUSTICE.

In this action to determine adverse claims to real estate, the decision was for plaintiff. Defendants, husband and wife, appeal from the order denying their motion for amended findings or a new trial.

Since March of 1924 plaintiff and defendant Frederick Gosling have been the record owners as tenants in common of the involved farm of 118 acres. The decision below is that Gosling be ousted of all interest in the property and that plaintiff be adjudged sole owner.

In 1923 plaintiff and her sister Josephine were residing with their brother, Henry Drees, on his farm in Scott county. Defendant Frederick Gosling (from now on to be mentioned only as defendant), is their cousin. He then resided in Germany. Henry Drees paid his passage to Minnesota. Upon his arrival he immediately went onto the Drees farm as a laborer. In March of 1924 the premises

[1]Reported in 294 N. W. 374.

now at stake were purchased through negotiations largely conducted by Henry Drees. The purchase money, $5,000, was contributed, $3,000 by plaintiff and $2,000 by her sister Josephine, the grantees in the deed being plaintiff and defendant.

Defendant immediately went into possession, remaining so until and including 1935. He farmed the land and made valuable improvements thereon. During his occupancy he paid the taxes. In 1933 plaintiff and defendant mortgaged the property to the Federal Land Bank of St. Paul to secure a loan of $5,000. The proceeds, by authority of both plaintiff and defendant, were disbursed in discharging earlier encumbrances, including taxes delinquent for two years. In 1935 plaintiff and defendant, by written lease, rented the farm for a period of five years, the lease providing that all rental for the first three years should be paid to plaintiff and that thereafter one-half of it should go to defendant.

The record demonstrates that as to vesting the title acquired by the purchase, the deed of 1924 expressed the intention of the parties. Whether a gift to defendant was intended is not clear. It may well have been that, although title to an undivided one-half of the farm went to him, he remained indebted to plaintiff and her sister for the money advanced. He gave them no note or other evidence of debt, if any there was. None of the parties to the acquisition of the land had the aid of legal counsel. They acted rather upon the advice of a banker friend, with the not surprising result indicated.

The decision below went against defendant upon the stated ground of undue influence, effective through abuse of confidential and fiduciary relationship. Allowing the argument that plaintiff was an easy target for undue influence, there is yet no scintilla of evidence from which to infer undue influence, with or without confidential relationship. The evidence is all the other way. The land purchase was initiated by Henry Drees and carried through much more

by the activity of him and his sisters than by that of defendant. Conjecture as we may, the inescapable inference from all the evidence is that plaintiff and her sister acted with and upon the advice of their brother Henry.

There is no evidence of improper activity on defendant's part. The worst that the record even suggests is that he has defaulted on a debt to, or has shown scant appreciation for the bounty of, his cousins. If either be true, it is to be hoped that he will yet make suitable recompense. But we cannot confirm a summary divestiture of his title, so long recognized and so often affirmed by plaintiff.

The case must go to decision under 2 Mason Minn. St. 1927, § 8086, preventing a resulting trust from a grant of land to one person for a consideration paid by another. In such case, rights of creditors not involved (2 Mason Minn. St. 1927, § 8087), "the title shall vest in the person named as the alienee in such conveyance."

So far the case is clear. As to what claims the parties, as tenants in common, may have against each other, we cannot determine. There is suggestion that defendant has been guilty of waste and that plaintiff may have some right to contribution for taxes paid by her. As to such issues this decision is without prejudice. The question of title is settled as already indicated.

It follows that the order under review must be reversed with directions to make findings of fact and conclusions of law in accordance with this decision and to order judgment for defendant confirming his title to an undivided one-half of the property.

Order reversed.