HOWARD BASTIAN AND ANOTHER v. NATHANIEL T. BRINK.[1]

January 19, 1951.

No. 35,318.

[1]Reported in 45 N. W. (2d) 712.

26

Gleason, Ward, Orff & Johnson, for appellants.
John F. Shaughnessy, for respondent.

THOMAS GALLAGHER, JUSTICE.

Plaintiffs, Howard Bastian and Helen Bastian, his wife, record owners as joint tenants of the northeasterly 41 feet of the rear southwesterly 88 feet of lot 1, and the northeasterly 39 feet of the southwesterly 88 feet of the southeasterly ½ of lot 2, block 4, St. Anthony Falls Addition to Minneapolis, bring this action in ejectment against defendant, Nathaniel T. Brink, alleged to be wrong-

fully in possession of the described premises and the dwelling house thereon.

Defendant disputes plaintiffs' ownership of the property and asserts that he and his wife, Julia A. Brink, now deceased, purchased it September 20, 1944; that they occupied it as their homestead until his wife's death March 17, 1948; that thereafter he continued to and does now occupy the same as his homestead; that plaintiffs did not contribute any sum whatever to the purchase thereof; and that plaintiffs hold title thereto only as constructive trustees for the benefit of defendant and his deceased wife. The latter is an aunt of plaintiff Helen Bastian.

The trial court found that the deed under which plaintiffs held title "was given without consideration, paid or rendered by the said plaintiff, and that plaintiffs did not furnish any of the money or other consideration for the purchase of * * * said premises," and that "defendant, Nathaniel T. Brink, together with his wife, Julia Brink, now deceased, purchased * * * and occupied said premises as their homestead, and that * * * defendant is still in possession of said premises as his homestead, and * * * has paid all taxes, insurance, repairs and all other charges against said property." Based thereon, it determined that title in fee in said premises was in defendant, Nathaniel T. Brink. From the judgment to such effect subsequently entered, this appeal is taken.

The evidence disclosed that the purchase price of the property was $2,800, and that a check in the sum of $1,368.16, drawn on funds of defendant's deceased wife, was delivered to the former owner as part of such purchase price. There is no reference to payment of the remaining $1,431.84, nor evidence that defendant furnished any part thereof. Defendant did testify that he had paid taxes on the property for a number of years since its purchase; that he had paid for certain repairs and improvements thereon; and that his occupancy thereof was rent free, although after his wife's decease a demand for rent had been made upon him by plaintiffs' attorney.

It was disclosed that for a number of years prior to her death Julia A. Brink had engaged in buying and selling real estate in

Minneapolis; that title to the property thus purchased was at times taken in her name and at other times placed in the names of plaintiffs; but that at no time was title placed in defendant or in his name and that of his wife jointly.

By her will, Julia A. Brink bequeathed to her husband an unimproved parcel of land in Minneapolis not involved here, and left the remainder of her estate to her sister Ida Hardt, mother of plaintiff Helen Bastian. Defendant subsequently elected to take under the applicable statute rather than under his wife's will.

■ In a suit for ejectment, a defendant may plead equitable defenses to defeat plaintiffs' claim of title. If the evidence submitted in support thereof would entitle defendant to a conveyance, the court, in the interest of the elimination of further litigation, is empowered to find title in him in the same action. See, McKinney v. Bode, 33 Minn. 450, 23 N. W. 851; Probstfield v. Czizek, 37 Minn. 420, 34 N. W. 896; cf. Merrill v. Dearing, 47 Minn. 137, 49 N. W. 693.

■ Here, however, neither defendant's answer nor the evidence submitted by him indicates anything which entitles him to the affirmative relief granted by the trial court. His claim to the property is based upon the allegation that the consideration for the purchase thereof was paid by his wife and himself. The evidence, however, fails to establish any purchase payment whatever on his part, the only payments shown being those made by his wife. The trial court's finding that he had paid some part of the purchase price is clearly without support in the record and cannot be sustained.

■ In any event, since the enactment of § 501.07 mere payment of purchase price alone would not entitle defendant to the relief granted by the trial court. It provides:

"When a grant for a valuable consideration is made to one person, and the consideration therefor is paid by another, no use or trust shall result in favor of the person by whom such payment is made; but the title shall vest in the person named as the alienee in such conveyance, * * *."

This section was intended to abolish common-law purchase-money resulting trusts which operated to give a purchaser the beneficial interest in land conveyed to another by inferring a trust by virtue of such payment or purchase alone. See, 2 Bogert, Trusts and Trustees, § 454; 3 Scott, Trusts, § 440; Carr v. Carr, 52 N. Y. 251; 28 Mich. L. Rev. 918.

The record here sustaining neither payment by defendant nor other evidence sufficient to render the foregoing statute inapplicable, the conclusion cannot be escaped that defendant was not entitled to the relief granted by the trial court.[2]

There is no evidence of fraud, duress, or undue influence. There is no showing of unjust enrichment at the expense of defendant. The violation of a confidential relationship between plaintiffs and defendant is not established. There is no evidence of an oral trust or parol agreement relating to land in defendant's favor and sufficient performance thereof to remove it from the statute of frauds. There is nothing to support a finding that plaintiffs' retention of title was in breach of the purchaser's instructions. Plaintiffs may

---

[2]While § 501.07 abolished purchase-money resulting trusts, it did not terminate all forms of equitable relief against an alienee vested with title. Thus, at times this court has given relief to a purchaser of land as against an unconscionable grantee holding title in abuse of a *confidential relationship or specific instructions* by imposing a constructive trust upon the property (Sieger v. Sieger, 162 Minn. 322, 202 N. W. 742, 42 A. L. R. 1; Knox v. Knox, 222 Minn. 477, 484, 25 N. W. [2d] 225, 229-230; see, Luse v. Reed, 63 Minn. 5, 65 N. W. 91); by specifically enforcing a *partially performed parol trust agreement* (Wentworth v. Wentworth, 2 Minn. 238 [277] [but no sufficient partial performance found]; Gill v. Newell, 13 Minn. 430 [462]; Johnson v. Johnson, 16 Minn. 462 [512]; see, also, 18 Minn. L. Rev. 575. *Contra,* Anderson v. Anderson, 81 Minn. 329, 84 N. W. 112. In the Anderson case, the court's attention was not called to this aspect of the Gill case); by holding the statute inapplicable where the purchase was under an *executory contract* (M. & St. L. R. Co. v. Lund, 91 Minn. 45, 97 N. W. 452; Watters v. N. P. Ry. Co. 141 Minn. 480, 170 N. W. 703); by permitting a purchaser to recover his purchase price from a grantee where *a trust was intended* and the grantee had refused performance (Johnson v. Krassin, 25 Minn. 117).

have received it as a gift from her, or in consideration of their coöperation in prior transactions, or for any number of possible reasons. The evidence is clear that at no time did the purchaser intend that defendant should be possessed of title.

■ Further, if the evidence of purchase by Julia A. Brink were sufficient to establish a constructive trust notwithstanding § 501.07, it would inure to her benefit rather than to defendant's. His interest then would extend no further than a statutory life interest in the fee of this homestead property.

■ Defendant makes some suggestion that title to the property was not placed in the name of his wife or in his own name because of the possibility of attachment thereto of an old-age-assistance lien arising out of old-age-assistance payments made to him and his wife prior to 1942. There is no evidence of any statement made by his wife to such effect, and nothing in the record to reasonably sustain a finding that title was placed in plaintiffs' name pursuant to such an agreement or understanding between plaintiffs and the purchaser.

■ Based upon all the foregoing, we must hold that the trial court erred in quieting title to this property in defendant. This conclusion, of course, would not constitute a bar to any rights which the executrix of the estate of Julia A. Brink might establish, or to any rights defendant might have to recover the reasonable value of any contribution made by him for his improvement of the property. These questions, of course, are not determined here.

Reversed.

MR. JUSTICE MAGNEY took no part in the consideration or decision of this case.