HOYT INVESTMENT COMPANY, et al., Respondents,

v.

BLOOMINGTON COMMERCE AND TRADE CENTER ASSOCIATES, et al., Petitioners, Appellants,

The Port Authority of the City of Bloomington, The City of Bloomington, and The Metropolitan Sports Facilities Commission, Defendants.

No. C5–86–2131.

Supreme Court of Minnesota.

Jan. 22, 1988.

Robert J. Sheran, Theresa B. Bonner, Luke H. Terhaar, Minneapolis, for Bloomington Commerce and Trade Center.

James R. Bresnahan, William D. Paul, St. Paul, for Hoyt Inv.

COYNE, Justice.

On petition of Bloomington Commerce and Trade Center Associates, a partnership between individuals William O. Cooley and Arthur J. Petrie, we granted further review of an order of the court of appeals which granted respondent Hoyt Investment Company's petition for extraordinary relief and directed the trial court to enter judgment in favor of Hoyt in accordance with the court of appeals' earlier opinion in *Hoyt Investment Company v. Bloomington Commerce and Trade Center Associates*, 390 N.W.2d 325 (Minn.App.1986), *petition for further review denied* September 24, 1986. We affirm.

While the facts underlying this controversy were detailed in the earlier court of appeals' opinion, it is necessary to summarize the facts as well as the unusual procedural history to fully understand the issue in the context in which it arises.

On July 21, 1981, the Cooley–Petrie partnership, as purchaser, and the Metropolitan Sports Facilities Commission, as seller, entered into a purchase agreement for the sale of property on which Metropolitan Stadium is located. Thereafter, on July 30, 1981, Hoyt Investment, a partnership of Bruce K. Hoyt and Steven B. Hoyt, commenced suit against Cooley–Petrie, the Commission, and others seeking to have that sale set aside. Voluntary dismissal of the suit followed the December 1981 execution of a settlement agreement requiring Cooley–Petrie to pay $250,000 to Hoyt "upon the closing of the July 21, 1981 Agreement, between Cooley–Petrie and the Commission * * * " or no monies in the event no closing occurred; in exchange, Hoyt agreed to refrain from interfering with Cooley–Petrie's efforts to acquire the property.

Cooley–Petrie did not acquire the property on the initial or extended closing date of January 4, 1984 and subsequently quitclaimed its interest to the ultimate purchaser, the Port Authority of the City of Bloomington. Hoyt commenced this action on September 6, 1984 against all parties to the sale negotiations alleging, among a number of claims, that Cooley–Petrie owed it $250,000 pursuant to the 1981 settlement agreement. Cooley–Petrie answered by general denial and alleged in its counterclaim that Hoyt had breached the agreement by interfering with Cooley–Petrie's rights to acquire the property and that its tortious interference caused Cooley–Petrie to sustain damages in excess of $50,000.

Upon trial, the district court considered Cooley–Petrie's argument that because no "closing" pursuant to the 1981 purchase agreement had occurred, Hoyt was not entitled to payment under the settlement agreement, as well as specific evidence in support of Cooley–Petrie's counterclaim for tortious interference. Despite the evidence offered, Cooley–Petrie neither attempted to prove damages caused by the alleged interference nor requested any findings in this regard. The trial court found that no "closing" had occurred and that the provision of the settlement agreement requiring payment to Hoyt was null and void. Although at the close of trial both parties submitted proposed findings and conclusions dealing with Hoyt's alleged breach, the trial court did not rule on that question, but entered judgment in favor of the defendants, and Hoyt appealed.

The court of appeals reversed, determining that indeed a "closing" within the meaning of the settlement agreement had occurred and holding that Hoyt was "entitled to recover $250,000 plus interest * * *." *Hoyt Inv. Co. v. Bloomington Commerce and Trade Center Associates,* 390 N.W.2d 325, 333 (Minn.App.1986). The parties made no reference to the question of Hoyt's alleged breach in the briefs submitted and the appellate court did not address the issue beyond its declaration that Hoyt was entitled to recover. Similarly, Cooley–Petrie's first petition for further review contained neither mention of its counterclaim nor reference to Hoyt's alleged breach of contract as an alternative defense to Hoyt's $250,000 claim. Not until its objections to Hoyt's October 2, 1986 bill of costs and disbursements did Cooley–Petrie first question the propriety of the entry of judgment in accordance with the court of appeals' decision that Hoyt was entitled to recover $250,000 plus interest.

On October 8, 1986 Hoyt obtained an ex parte order for judgment against the named defendants in accordance with the first court of appeals' opinion. The defendants moved the trial court to vacate the order claiming not only that it was issued ex parte in violation of the rules of civil procedure, but also that it was premature until the trial court disposed of the undecided claim of Hoyt's alleged breach. The trial court vacated its order upon its recognition of the order's ex parte nature, but acknowledged that it had not decided the interference claim and indicated its willingness to hear arguments in this regard.

In response to the trial court's comments, Hoyt petitioned the court of appeals for alternative writs of prohibition or mandamus directing the trial court to enter judgment in compliance with the original appellate court decision. The court of appeals granted the relief, acknowledging that the question of Hoyt's alleged interference had been litigated but not decided; the court however concluded that Cooley–Petrie was barred from asserting the undecided claim to preclude the entry of judgment because they had failed to either request additional findings pursuant to Minn. R.Civ.P. 52.02 or to notice review of the defense. Cooley–Petrie filed its second petition for further review and it is that matter which is now before this court.

We note that while these proceedings were pending in this court, the trial court did in fact enter judgment, Cooley–Petrie appealed to the court of appeals from the judgment and by order of this court dated September 4, 1987, all proceedings in the court of appeals were stayed pending final disposition of this matter.

While we agree with the ultimate disposition by the court of appeals, we conclude that neither Minn.R.Civ.App.P. 106 nor Minn.R.Civ.P. 52.02 would have provided a vehicle appropriate for securing a remand, and comments by the appellate court to the contrary impose requirements not contemplated by either rule.

Minn.R.Civ.App.P. 106 authorizes a respondent to obtain review of issues not raised on appellant's appeal but which may adversely affect respondent and promotes judicial economy by allowing an appellate court to resolve all disputed issues in a single appeal. *Arndt v. American Family Ins. Co.*, 394 N.W.2d 791, 793–94 (Minn. 1986). Failure of a respondent to file a notice of review to challenge those issues determined adversely to it has resulted in this court's declination to review those questions. *Id.* at 793. *See also Pine River State Bank v. Mettille*, 333 N.W.2d 622, 632 (Minn.1983); *Ford v. Chicago, M., St. P. and P.R. Co.*, 294 N.W.2d 844, 845 (Minn. 1980).

This court has not, however, imposed the requirement of a notice of review where the trial court has failed to rule on a question litigated and practical reasons continue to render such a notice unnecessary. While a notice of review might serve to call attention to the unresolved issue, an undecided question is not usually amenable to appellate review. The court of appeals implicitly agreed in *Acton Construction Company, Inc. v. State*, 363 N.W.2d 130 (Minn.App.1985), *petition for further review denied* May 22, 1986.

Similarly, Minn.R.Civ.P. 52.02, while permitting a party to move for amended or additional findings, does not require the motion. Under the circumstances here presented, with Cooley–Petrie prevailing on what the trial court viewed as the dispositive issue, Cooley–Petrie had no occasion to seek from the trial court the finding required by the court of appeals.

Cooley–Petrie pleaded the claim of interference with contract as a counterclaim, and they now characterize the interference claim as a counterclaim. The record discloses, however, that in the interim Cooley–Petrie actually asserted interference with contract only as a defense. There was no severance of the counterclaim from trial of the Hoyt action, but Cooley–Petrie made no attempt to prove damages. They did not request a finding with regard to damages or with regard to their claim as a counterclaim. The only finding requested was that Hoyt's interference barred its claim under the settlement agreement. The trial court, apparently concluding that the "closing" question was dispositive, declined to make findings with regard to the alleged breach.

In our view, it is critical to note that Minn.R.Civ.App.P. 128.02, subd. 1(e) imposes upon counsel the obligation to state with specificity in their respective briefs the precise nature of the relief sought from the appellate court. *Mattson v. Underwriters at Lloyds of London*, 414 N.W.2d 717, 720 (Minn.1987). Cooley–Petrie should have explicitly informed the appellate court that, in the event it disagreed with the trial court's finding that no "closing" occurred,

a remand to the trial court for disposition of the interference claim was warranted. On the other hand, the appellate court should have recognized from its examination of the record in its entirety that on reversal of the trial court's decision, remand for determination of the interference claim should precede an award of damages to Hoyt. The court of appeals' decision, however, states, "[Hoyt] is entitled to recover $250,000 plus interest as escrowed pursuant to the Cooley–Petrie/Port Authority quit claim on closing." *Hoyt Inv. Co. v. Bloomington Commerce and Trade Center Associates*, 390 N.W.2d 325, 333 (Minn.App.1986).

While Cooley–Petrie failed in their obligation to inform the appellate court of the specific relief they requested, namely, affirmance or, in the event of reversal, remand, and while the appellate court itself failed to identify the proper method of disposition once it reversed the finding upon which the trial court's decision was based, Rule 117, Minn.R.Civ.App.P., provided Cooley–Petrie an opportunity to correct the error. In their petition for further review from the original court of appeals' decision, Cooley–Petrie could have and should have brought the error to this court's attention. That Cooley–Petrie understood that the court of appeals disposed of the entire action seems apparent from their summary of the opinion set out in the petition for further review:

> On July 8, 1986, the Court of Appeals, in an opinion by Chief Judge Popovich, reversed the judgment on the ground that the trial court had erroneously found that a closing had not occurred under the parties' 1981 agreement, and held that Hoyt was entitled to recover $250,000 plus interest.

That is the only reference in the petition to the court of appeals' resolution of the theretofore undetermined interference claim; the petition contains not one word of complaint that the court of appeals had decided a contested issue which the trial court had left unresolved and which should have been remanded for the trial court's determination. Instead Cooley–Petrie focused solely on their assertions that the

court of appeals failed to apply the proper standard of review with respect to the trial court's determination that there had been no "closing," that it disregarded testimony in support of the trial court's findings, and that it misinterpreted the agreement.

■ It is our view that once the original court of appeals' decision, *Hoyt Investment Co.*, 390 N.W.2d 325 (Minn.App. 1986), became final by virtue of the denial of the petition for further review, the trial court was required to cause the entry of judgment in accordance with that decision without regard to its earlier declination to decide whether Cooley–Petrie had proved their claim of interference with contract. That claim was extinguished by operation of the decision. Therefore, although we agree with the ultimate decision of the court of appeals directing the trial court to enter judgment in favor of Hoyt in accordance with the original decision, we modify the basis for the grant of extraordinary relief.

Affirmed.

POPOVICH, J., took no part in the consideration or decision of this case.