Steven Edward **FREUNDSCHUH,**
Appellant,

v.

Jerome Joseph **FREUNDSCHUH,**
Respondent.

No. C1–96–1446.

Court of Appeals of Minnesota.

Feb. 11, 1997.

Review Denied April 24, 1997.

707

Kay Nord Hunt, Christopher R. Grote, Lommen, Nelson, Cole & Stageberg, P.A., Minneapolis, for Appellant.

Charles F. Kelly, Kelly Law Firm, Ltd., Edina, for Respondent.

Considered and decided by WILLIS, P.J., and PETERSON and FOLEY*, JJ.

## OPINION

DANIEL F. FOLEY, Judge.

Appellant son, Steven Freundschuh, and respondent father, Jerome Freundschuh, are co-grantees on a warranty deed for a house and lot in Minneapolis. Appellant brought an action seeking partition by private sale of the property and division of the proceeds. Respondent answered, contending he was the owner, and counterclaimed, asserting he was entitled to a constructive trust or an equitable lien and asking that he be declared the absolute owner. After a trial, the court ordered judgment in favor of respondent and dismissed appellant's claims with prejudice. Steven Freundschuh appeals, and we reverse and remand.

## FACTS

At the time of the trial court decision, appellant son was a 39–year–old single man and respondent father was 70 years old. Appellant was unemployed and had worked only sporadically since 1987. His primary source of income was assistance from the government and from his father.

During portions of 1986 and 1987, respondent paid rent for an apartment in which appellant resided. In 1988, respondent purchased a small house in Minneapolis for appellant to live in, and appellant has resided there since that time. Respondent paid the purchase price for the property, all property taxes, all payments for water and sewer service, and the majority of the costs for repairs and improvements. While appellant also claimed to have paid for some improvements, he did not provide the court with any supporting documentation. The court found both appellant and respondent maintained the property by making repairs and improvements, often working together.

The warranty deed showed both respondent and appellant as grantees. The trial court found respondent chose to put appellant's name on the title based on his mistaken impression that it was required in order to obtain homestead property tax credit.

Appellant wanted to sell the house and move because of conflicts with his neighbors and noise from the airport. Because respondent did not want the house sold, appellant brought an action seeking partition by private sale and division of the proceeds.

---

* Retired judge of the Minnesota Court of Appeals, serving by appointment pursuant to Minn. Const. art. VI, § 10.

After a court trial, the court found that respondent did not intend to make a gift or to convey a present ownership interest in the property to appellant by including his name on the deed. It concluded that appellant was not entitled to a partition sale. The court ordered judgment in favor of respondent and ordered appellant's claims against respondent dismissed with prejudice.

### ISSUES

1. Does Minn.Stat. § 501.07 (1988) preclude finding a resulting trust in favor of respondent?

2. Do the trial court findings show as a matter of law that a constructive trust was established?

### ANALYSIS

■ The findings of fact of a court sitting without a jury will not be set aside unless clearly erroneous. Minn. R. Civ. P. 52.01. The trial court's application of a statute to undisputed facts is a question of law not binding on the appellate courts. *A.J. Chromy Constr. Co. v. Commercial Mech. Servs., Inc.*, 260 N.W.2d 579, 582 (Minn.1977).

■ Persons with an interest in property of "an estate of inheritance or for life or for years," as joint tenants or tenants in common, may bring an action for partition. Minn.Stat. § 558.01 (1994). The common ownership required by statute may be based on either legal title or equitable title. *Searles v. Searles*, 420 N.W.2d 581, 583 (Minn.1988) (holding ex-wife's ownership claim to marital interest in Minnesota real estate is sufficient to bring partition action despite fact dissolution occurred under Missouri decree). Before deciding how the property is to be partitioned, the court first may have to determine the ownership interests. *Id.; see Ferguson v. Shea*, 374 N.W.2d 575, 576 (Minn.App.1985). The dispute presented here requires a decision on the preliminary question of the parties' ownership interests.

1. Appellant bases his argument on appeal on Minn.Stat. § 501.07 (1988), which prohibits resulting trusts. We must first address respondent's contention that because the trial court did not consider the applicabil-ity of Minn.Stat. § 501.07, it should not be addressed on appeal.

■ A reviewing court should consider only those issues the trial court was presented with and considered. *Thiele v. Stich*, 425 N.W.2d 580, 582 (Minn.1988). An exception arises if the issue is dispositive of the entire controversy, and there is no advantage or disadvantage to the parties in not having a prior decision by the trial court. *Byrd v. O'Neill*, 309 Minn. 415, 417 n. 2, 244 N.W.2d 657, 658–59 n. 2 (1976); *see Fingerhut Mfg. Co. v. Mack Trucks, Inc.*, 267 Minn. 201, 205, 125 N.W.2d 734, 737 (1964) (stating that ordinance not referred to as part of theory at trial may be improperly referred to on appeal unless dispositive of entire controversy).

Minn.Stat. § 501.07 was in effect when the property was purchased in 1988. However, the statute was repealed in 1990, and Minn. Stat. § 501B.07, which allows purchase money resulting trusts, became effective. 1989 Minn. Laws ch. 340, art. I, § 7 (enactment of section 501B.07), § 76 (law effective January 1, 1990), § 77 (repealing Minn.Stat. § 501.07). There is no argument that section 501B.07 was intended to be applied retroactively. *See* Minn.Stat. § 645.21 (1994) ("No law shall be construed to be retroactive unless clearly and manifestly so intended by the legislature.").

■ Neither party brought Minn.Stat. § 501.07 to the attention of the trial court. Instead, the parties raised the applicability of section 501B.07, which the trial court properly held inapplicable because it did not become effective until 1990. Appellant, however, discussed resulting trusts and cited case law for the proposition that the granting of land to one person, for consideration paid by another, vests title in the person named as grantee. *See Drees v. Gosling*, 208 Minn. 399, 401, 294 N.W. 374, 375–76 (1940) (citing earlier statutory version of section 501.07 prohibiting resulting trusts). While the parties erroneously focused on the 1990 version of the statute, Minn.Stat. § 501B.07, the issue of resulting trusts was raised below, and this court will address the dispositive statute, Minn.Stat. § 501.07.

■ Under the common law, a purchase money resulting trust, or resulting trust, gave a purchaser a "beneficial interest in land conveyed to another by inferring a trust * * * by virtue of such payment or purchase alone." *Bastian v. Brink*, 233 Minn. 25, 29, 45 N.W.2d 712, 714 (1951). Minn.Stat. § 501.07 was intended to abolish these resulting trusts in most circumstances. *Id.* at 28–29 & n. 2, 45 N.W.2d at 714 & n. 1. That section provides:

When a grant for a valuable consideration is made to one person, and the consideration therefor is paid by another, no use or trust shall result in favor of the person by whom such payment is made; but the title shall vest in the person named as the alienee in such conveyance, subject only to the provisions of section 501.08 [concerning fraud against creditors].

Minn.Stat. § 501.07.

Under this provision, courts have found no resulting trust existed. *See Dietz v. Dietz*, 244 Minn. 330, 332–33, 70 N.W.2d 281, 284 (1955) (under Minn.Stat. § 501.07, purchase money resulting trust may not arise); *Drees*, 208 Minn. at 400–01, 294 N.W. at 375–76 (holding where plaintiff and her sister provided funds for purchase of land and title taken in name of plaintiff and defendant, statute prohibiting resulting trusts requires confirmation of title of defendant to undivided one-half interest in property); *but cf. Georgopolis v. George*, 237 Minn. 176, 183–85, 54 N.W.2d 137, 141–42 (1952) (in apparent anomaly, without citing section 501.07, supreme court stated evidence as to resulting trust could be established by parol evidence, but affirmed trial court finding that the evidence was insufficient).

■ The trial court here, after finding Minn.Stat. § 501B.07 inapplicable, held in favor of respondent because it found he had no donative intent to give appellant an interest in the land. Intent may be relevant to the issue of a resulting trust. *See Sieger v. Sieger*, 162 Minn. 322, 324, 202 N.W. 742, 743 (1925) (in resulting trust, element of intent to create trust, though it is implied). However, because Minn.Stat. § 501.07 prohibits resulting trusts, the issue of intent under section 501.07 is irrelevant.

Under Minn.Stat. § 501.07, even if respondent paid the entire purchase price, title vested in the persons named in the conveyance, in this case, appellant and respondent. *See Bastian*, 233 Minn. at 29, 45 N.W.2d at 714.

■ 2. Minn.Stat. § 501.07 does not terminate all forms of equitable relief against a party vested with title. *Bastian*, 233 Minn. at 29 n. 2, 45 N.W.2d at 714–15 n. 1.

Thus, at times this court has given relief to a purchaser of land as against an unconscionable grantee holding title in abuse of a *confidential relationship or specific instructions* by imposing a constructive trust upon the property; by specifically enforcing a *partially performed parol trust agreement;* by holding the statute inapplicable where the purchase was under an *executory contract;* by permitting a purchaser to recover his purchase price from a grantee where *a trust was intended* and the grantee had refused performance.

*Id.* (citations omitted); *see Knox v. Knox*, 222 Minn. 477, 484, 25 N.W.2d 225, 229–30 (1946) (holding section 501.07 has no application to constructive trust). Respondent pleaded and argued to the trial court that the equitable principle of a constructive trust should apply.

■ Before discussing the merits, we address appellant's claim that the trial court considered and rejected respondent's argument for a constructive trust and that by failing to file a notice of review, respondent failed to preserve the issue for appeal. We disagree. The trial court based its decision on the theory of the lack of donative intent. It is clear to us that the trial court never reached the constructive trust issue, as shown by the fact that it did not discuss fiduciary duty, unjust enrichment, or issues relevant to a constructive trust. *See In re Estate of Vittorio*, 546 N.W.2d 751, 755 (Minn.App.1996) (discussing constructive trust). A notice of review need not be filed where the trial court has failed to rule on the question litigated and practical reasons continue to render such a notice unnecessary. *Hoyt Inv. Co. v. Bloomington Commerce & Trade Ctr. Assocs.*, 418 N.W.2d 173, 175

(Minn.1988). We therefore address the issue.

A constructive trust is an equitable remedy imposed to prevent unjust enrichment and is completely dissimilar to an express or resulting trust. *Dietz,* 244 Minn. at 334, 70 N.W.2d at 285; *see Vittorio,* 546 N.W.2d at 755 (summarizing law as to constructive trusts). Because it arises from operation of law, it is expressly exempted from statute of frauds. *Id.* Likewise, Minn.Stat. § 501.07 does not apply. *Dietz,* 244 Minn. at 334, 70 N.W.2d at 285.

A constructive trust may be imposed where the plaintiff shows "the existence of a fiduciary relation and the abuse by defendant of confidence and trust bestowed under it to plaintiff's harm." *Id.* (citation omitted). But the fiduciary relationship in a strict sense is not a prerequisite, and any relationship giving rise to justifiable reliance or confidence is sufficient. *Id.* The establishment of a constructive trust does not set aside the title of property, but instead proceeds on the theory that the title is held in trust for someone else to whom it rightfully belongs. *Vittorio,* 546 N.W.2d at 755. A constructive trust may arise though property has been held in joint tenancy for several years. *Id.* In finding a constructive trust, the court is not bound by a formula, but is free to effect justice to avoid unjust enrichment according to the equities. *Id.; see Knox,* 222 Minn. at 481, 25 N.W.2d at 228.

While respondent seeks to have this court rule on the issue as a matter of law, the existence of the constructive trust is a question of fact for the trial court. *See Ferguson,* 374 N.W.2d at 576–77. Proof must be made by clear and convincing evidence. *Vittorio,* 546 N.W.2d at 755. Therefore, a remand is necessary for the trial court to consider whether a constructive trust should be imposed in favor of the father. *See Hoyt,* 418 N.W.2d at 176 (even if party failed to inform court of specific relief sought, appellate court may identify appropriate disposition). The trial court has the option of taking additional oral testimony on the issue if necessary. We observe that the close relationship of parent and child compels a searching review of the facts from the point of view of equity.

Finally, respondent asks this court to remand to the trial court with directions to order judgment that he is owner in fee of the property and that appellant is barred from any right or interest. This issue is also remanded to the trial court to address.

## DECISION

The decision of the trial court is reversed, and the matter is remanded for determination of issues the trial court did not reach.

**Reversed and remanded.**