*This opinion will be unpublished and
may not be cited except as provided by
Minn. Stat. § 480A.08, subd. 3 (2014).*

**STATE OF MINNESOTA
IN COURT OF APPEALS
A15-1132**

Estate of Howard G. Boyd, Decedent.

**Filed February 29, 2016
Reversed and remanded
Stauber, Judge**

Blue Earth County District Court
File No. 07-PR-13-257

Kevin O'C. Green, Law Offices of Kevin O'C. Green, Mankato, Minnesota, and

Samuel Hanson, Briggs and Morgan, Minneapolis, Minnesota (for appellant)

Nicholas J. Maxwell, Jorun G. Meierding, Maschka, Riedy & Ries, Mankato, Minnesota
(for respondent)

Considered and decided by Stauber, Presiding Judge; Reilly, Judge; and Klaphake,

Judge.[*]

## UNPUBLISHED OPINION

**STAUBER**, Judge

Appellant argues that the district court abused its discretion by denying his motion

to amend his objection to the probate of decedent's estate to include an allegation of

breach of fiduciary duty and the imposition of a constructive trust. Appellant further

asserts that the district court erred by granting summary judgment in favor of the estate,

---

[*] Retired judge of the Minnesota Court of Appeals, serving by appointment pursuant to
Minn. Const. art. VI, § 10.

because the issue of whether a constructive trust should be imposed raises genuine issues of material fact that make summary judgment inappropriate. We agree, and we reverse and remand.

**FACTS**

Appellant Thomas Lehtinen is the only child of Joan Boyd (Joan), who died in August 2011. Joan's second husband was the decedent, Howard G. Boyd (Howard). The Boyds lived in a home that Joan and her first husband, Lehtinen's father, had owned. Title to the home was solely in Joan's name, and she never added Howard's name to the title, despite his promptings. In Joan's 2000 will, she left the home property to Lehtinen. Howard executed a will in 2009 that reflected and affirmed Joan's will, including the devise of her home to Lehtinen.

In 2006, Joan gave Howard a durable power of attorney. The power of attorney granted Howard all possible powers, was to remain in effect even if Joan became incapacitated or incompetent, and authorized Howard to transfer Joan's property to himself. By the time the form was signed, Joan had begun to suffer from dementia. In October 2008, Joan was found incompetent and placed under guardianship by the Blue Earth County Probate Court.

In the summer of 2008, Howard consulted with attorney Robert Chesley, who specialized in elder law. He told Chesley that Joan would shortly be entering a long-term care facility and inquired about how to qualify her for medical assistance. Chesley advised Howard that Joan could transfer her home to him in order to reduce the value of her estate to $3,000 and thus qualify for medical assistance. According to Chesley,

2

"[t]ransfer to a spouse is nonpenalized [for purposes of qualifying for medical assistance] but a transfer to anyone else [would] carry with it a penalty." Howard told Chesley that Joan was not competent to transfer the property but that he was her attorney-in-fact. Chesley then assisted Howard in transferring Joan's home into Howard's name in January 2009.

In 2011, Howard hired attorney Stacey Jones to draft a new will leaving his entire estate to his church. Howard's new will did not include the devise of Joan's home to Lehtinen. Howard executed the will on July 11, 2011. Joan died on August 21, 2011, and Howard died on November 6, 2012.

Howard's personal representative petitioned for appointment and formal probate of the will in January 2013. The sole devisee under the will was the North Mankato Congregation of Jehovah's Witnesses. Lehtinen and Richard Boyd[1], one of Howard's sons, filed an objection to the probate, alleging that both Howard and Joan lacked testamentary capacity and that Howard had acted contrary to Joan's express testamentary intent when he transferred her home to his name and then devised it to the church.

The parties deposed all of the attorneys involved in the estate planning. Charles Johnson wrote wills for both of the Boyds, but had not drafted Howard's last will. He was deposed in February 2014. During his deposition, Johnson opined that Howard had a duty under his power of attorney to carry out Joan's testamentary wishes. Shortly after this deposition, in March 2014, Lehtinen moved to amend his objection, asserting that

---

[1] Richard Boyd has not taken part in this appeal.

3

Howard had a fiduciary duty to honor Joan's testamentary intent, and requested imposition of a constructive trust. On May 16, 2014, the district court denied Lehtinen's motion to amend his objection and for imposition of a constructive trust, and subsequently denied Lehtinen's motion for reconsideration.

On May 14, 2015, the district court granted summary judgment to the estate and struck Lehtinen's objection to probate. Lehtinen appeals from the summary judgment.

## D E C I S I O N

We review the district court's grant of summary judgment de novo, to determine whether there are any genuine issues of material fact and whether the district court erred in applying the law. *Larson v. Nw. Mut. Life Ins. Co.*, 855 N.W.2d 293, 299 (Minn. 2014). Evidence is viewed in the light most favorable to the nonmoving party. *Id.* We "will reverse a grant of summary judgment when the district court erred in concluding that there are no disputed material facts. But in order to establish that there is a disputed material fact, the party against whom summary judgment was granted must present specific admissible facts showing a material fact issue." *Doe v. Archdiocese of St. Paul*, 817 N.W.2d 150, 163 (Minn. 2012) (quotation and citation omitted).

Lehtinen argues that the district court abused its discretion by refusing to permit him to amend his objection. A party may freely amend a pleading once at any time before a responsive pleading is served; "[o]therwise a party may amend a pleading only by leave of court or by written consent of the adverse party." Minn. R. Civ. P. 15.01. "[L]eave shall be freely given when justice so requires." *Id.*; *Voicestream Minneapolis, Inc. v. RPC Props., Inc.*, 743 N.W.2d 267, 272 (Minn. 2008). An appellate court reviews

4

the district court's decision on a motion to amend pleadings for a clear abuse of discretion. *Id.* "[T]he liberality to be shown in the allowance of amendments to pleadings depends in part upon the stage of the action and in a great measure upon the facts and circumstances of the particular case." *Bebo v. Delander*, 632 N.W.2d 732, 741 (Minn. App. 2001), *review denied* (Minn. Oct. 16, 2001). If the adverse party is aware of a defense that was inadvertently omitted from a pleading, a district court may conclude that the adverse party will not be prejudiced by an amendment to the pleadings. *Willhite v. Cass Cty. Bd. of Sup'rs*, 692 N.W.2d 92, 95 (Minn. App. 2005), *review denied* (Minn. Apr. 19, 2005).

Here, the probate petition was filed in January 2013, and Lehtinen filed his objection in June 2013. Discovery followed, including Johnson's deposition, which was taken in February 2014. Lehtinen moved to amend his objection in March 2014. The estate's summary judgment motion was filed in February 2015. Lehtinen's objection was not made at a critically late stage of the proceedings.

In his original objection, Lehtinen alleged that (1) Howard lacked testamentary capacity when he made his last will; (2) Howard transferred the property in violation of Joan's guardianship; (3) Howard conveyed the property to himself knowing that it was contrary to Joan's testamentary intent; and (4) Joan lacked capacity when she gave Howard the power of attorney in 2006. In his proposed amended objection, Lehtinen alleged that (1) Howard held the property in trust for Joan; (2) he owed a fiduciary duty to Joan because of the trust relationship, the marital relationship, and the power of attorney; and (3) he violated his fiduciary duty by conveying the property to himself,

5

failing to probate Joan's will, and frustrating her expressed testamentary intent. Based on this violation of fiduciary duty, Lehtinen asked that the court impose a constructive trust on the property.

The original objection alludes to misfeasance through the violation of the guardianship and defeat of Joan's testamentary intent. Johnson's deposition gave greater support to a claim of violation of a fiduciary duty, and Lehtinen sought to amend his objection shortly after that deposition was taken. In light of the language of Minn. R. Civ. P. 15.01 that leave to amend a complaint should "be freely given when justice so requires," the district court abused its discretion by refusing to permit the amendment, particularly when the estate was aware of Lehtinen's original allegation that Howard changed his will knowing that it was contrary to Joan's testamentary intent. We therefore reverse the district court's order refusing to permit Lehtinen to amend his objection to the probate petition.

On remand, the district court should consider whether Howard violated a fiduciary duty arising out of his role as attorney-in-fact, his knowledge of Joan's testamentary wishes, the marital relationship, and whether a constructive trust should be imposed. The duties of an attorney-in-fact are set forth in Minn. Stat. § 523.21 (2014):

> The attorney-in-fact has no affirmative duty to exercise any power conferred upon the attorney-in-fact under the power of attorney. In exercising any power conferred by the power of attorney, the attorney-in-fact shall exercise the power in the same manner as an ordinarily prudent person of discretion and intelligence would exercise in the management of the person's own affairs and shall have the interests of the principal utmost in mind. The attorney-in-fact is personally liable to any person, including the principal, who is injured by an action taken by

6

the attorney-in-fact in bad faith under the power of attorney or by the attorney-in-fact's failure to account when the attorney-in-fact has a duty to account under this section.

Lehtinen conceded that the transfer of the house was in Joan's best interests, because it permitted her to qualify for medical assistance to pay for her nursing home bills, but this concession does not address whether Howard had a fiduciary duty to honor Joan's testamentary wishes. An attorney-in-fact must keep the interests of his principal "utmost in mind." *Id.*

The district court must also consider whether a constructive trust should be imposed on the disputed property. A constructive trust

> may be imposed where the plaintiff shows the existence of a fiduciary relation and the abuse by defendant of confidence and trust bestowed under it to plaintiff's harm. But the fiduciary relationship in a strict sense is not a prerequisite, and any relationship giving rise to justifiable reliance or confidence is sufficient. The establishment of a constructive trust does not set aside the title of property, but instead proceeds on the theory that the title is held in trust for someone else to whom it rightfully belongs. A constructive trust may arise though property has been held in joint tenancy for several years. In finding a constructive trust, the court is not bound by a formula, but is free to effect justice to avoid unjust enrichment according to the equities.

*Freundschuh v. Freundschuh*, 559 N.W.2d 706, 711 (Minn. App. 1997) (citations and quotation omitted), *review denied* (Minn. Apr. 24, 1997). "[T]he existence of [a] constructive trust is a question of fact for the [district] court." *Id.*

We therefore reverse the district court's summary judgment and remand for further proceedings consistent with this opinion.

**Reversed and remanded.**