**GARLYN, INC., d/b/a Polzin Glass, Respondent,**

v.

**AUTO–OWNERS INSURANCE COMPANY, Appellant.**

**No. A11–1520.**

Court of Appeals of Minnesota.

March 26, 2012.

Charles J. Lloyd, Rachael J. Abrahamson, Kristine M. Kerig, Livgard & Rabuse, P.L.L.P., Minneapolis, MN, for respondent.

William A. Moeller, Kevin A. Velasquez, Blethen, Gage & Krause, P.L.L.P., Mankato, MN, for appellant.

Considered and decided by KLAPHAKE, Presiding Judge; STONEBURNER, Judge; and CLEARY, Judge.

## OPINION

STONEBURNER, Judge.

The district court consolidated numerous individual auto-glass repair or replacement payment claims assigned to respondent auto-glass company for purposes of arbitration against appellant insurer. The arbitrator issued an award in favor of respondent that included preaward interest. Appellant moved to vacate the award, arguing that the arbitrator exceeded his authority and erred by awarding preaward interest. The district court denied the motion, and this appeal followed.

## FACTS

Respondent Garlyn, Inc., d/b/a Polzin Glass (Polzin), repairs and replaces auto glass. Polzin repaired or replaced auto glass for appellant Auto–Owners Insurance Company insureds, who then assigned their claims against Auto–Owners to Polzin. Polzin billed Auto–Owners directly for its work. Between February 2004 and May 2008, Polzin submitted 140 invoices to Auto–Owners Insurance Company. Auto–Owners paid 67 of these claims in full and paid less than the amount billed on the other 73 claims, based on Auto–Owners' determination of its liability under its policy language providing for payment of "the necessary cost, at local prices, to repair or replace the property or damaged

parts with material of similar kind and quality."

Polzin filed a complaint for declaratory relief in district court, claiming that in 73 claims Auto–Owners paid Polzin amounts less than what is required under the terms of Auto–Owners' insurance policy. Polzin requested consolidation of the individual claims for arbitration. The district court issued an order consolidating the disputed claims for arbitration.

After an arbitration hearing, the arbitrator issued an award in Polzin's favor in the amount of $30,929.83, representing the total of awards on individual claims. In addition, the arbitrator awarded preaward interest. Auto–Owners moved the district court to vacate the arbitration award. The district court denied Auto–Owners' motion on June 21, 2011. This appeal followed.

## ISSUES

I. Did the district court err by concluding that the arbitrator did not exceed his authority in determining as a factual matter that Auto–Owners breached its contractual obligation to pay the disputed claims under the terms of its policy?

II. Did the district court err by concluding that the arbitrator did not exceed his authority by awarding preaward interest?

## ANALYSIS

**I. The district court correctly concluded that the arbitrator did not exceed his authority by finding that Auto–Owners breached its contractual obligations.**

### A. Standard of review

Under the Minnesota No–Fault Act, arbitrators "are limited to deciding questions of fact, leaving the interpretation of law to the courts." *Weaver v. State Farm Ins. Cos.*, 609 N.W.2d 878, 882 (Minn.2000). An "arbitrator's findings of fact are conclusive", while questions of law are subject to de novo review. *Barneson v. W. Nat'l Mut. Ins. Co.*, 486 N.W.2d 176, 177 (Minn.App.1992). "[W]hen called upon to grant relief, an arbitrator need not refrain from deciding a question simply because it is a legal question. But an arbitrator's decision on a legal question is subject to de novo review. . . ." *Gilder v. Auto–Owners Ins. Co.*, 659 N.W.2d 804, 807 (Minn.App.2003). This rule reflects the state's goal for consistency in the interpretation of the Minnesota No–Fault Act. *Weaver*, 609 N.W.2d at 882.

No-fault arbitrators exceed their authority when they interpret rather than simply apply the Minnesota no-fault insurance statutes. *Johnson v. Am. Family Mut. Ins. Co.*, 426 N.W.2d 419, 421 (Minn.1988). The interpretation of insurance contract language and the construction of statutes both raise questions of law. *Watson v. United Servs. Auto. Ass'n*, 566 N.W.2d 683, 688 (Minn.1997). Additionally, "[g]enerally, a coverage dispute presents a question of law for the courts, not the arbitrators. . . ." *W. Nat'l Ins. Co. v. Thompson*, 797 N.W.2d 201, 206 (Minn. 2011); *see also Johnson*, 426 N.W.2d at 421 (concluding that an arbitration panel exceeds the scope of its authority when it decides a coverage issue). "The distinction between coverage disputes for the court and other types of disputes for the arbitrators is that questions that go not to the merits of a claim but to whether a claim exists should be decided by the district court." *W. Nat'l Ins. Co.*, 797 N.W.2d at 206 (quotation omitted). An arbitrator has the authority to find facts and determine the sufficiency of proof in a no-fault claim. *Liberty Mut. Ins. Co. v. Sankey*, 605 N.W.2d 411, 413 (Minn.App.2000). "Absent a clear showing that the arbitrators were unfaithful to their obligations, the

courts assume that the arbitrators did not exceed their authority." *QBE Ins. Corp. v. Twin Homes of French Ridge Homeowners Ass'n,* 778 N.W.2d 393, 398 (Minn. App.2010).

### B. No statutory or policy interpretation was required in this case, and the arbitrator determined only questions of fact.

■ Auto–Owners argues that, because the arbitrator determined a legal claim based on policy interpretation, review is de novo. We disagree because, in this case, the interpretation of the policy language is not at issue. Auto–Owners' policy provides, in relevant part:

a. We will pay no more than the lowest of the following:

 (1) the actual cash value of stolen or damaged property;

 (2) the necessary cost, at local prices, to repair or replace the property or damaged parts with material of similar kind and quality; or

 (3) the Limit of Liability stated in the Declarations.

Only (2) is at issue in this case. Language nearly identical to (2) was interpreted by this court in *Glass Serv. Co., Inc. v. Progressive Specialty Ins. Co.,* in which we stated that "common sense dictates that the amount 'necessary' to replace a windshield with one of like kind and quality is a price that is reasonable in the marketplace." 603 N.W.2d 849, 852 (Minn.App. 2000).

Auto–Owners attempts to distinguish *Glass Service* from this case by stating that the policy language in the two cases is different and that in *Glass Service* this court only analyzed how the word "necessary" affected the insurer's payment obligation. We find no such distinction. The policy language in *Glass Service* provided that the insurer's limit of liability "shall

not exceed * * * the amount necessary to repair or replace the property with other of the like kind and quality." *Id.* at 851 n. 1. The addition by Auto–Owners of "at local prices" does nothing to change the common sense meaning of "necessary" as defined in *Glass Service,* and there is no evidence in this case that the arbitrator was considering anything other than "local prices."

Auto–Owners further argues that, because the insurer in *Glass Service* conceded that it was obligated to pay any amount that fell within a range of "reasonable," the case does not "require[ ] the insurer to pay any amount *charged* by the glass vendor that was within the range of reasonableness." Auto–Owners' argument is based on its assertion that it paid an amount that was within a range of reasonableness under the policy and that the provision that it "will pay no more than the lowest of the following" obligates Auto–Owners only to pay any amount in the range of reasonableness even if a higher amount billed is also in the range of reasonableness.

This argument is flawed because the policy does not say that Auto–Owners will pay the lowest of a range of necessary costs. Rather, the policy plainly states that Auto–Owners will pay the lowest of three options, the second of which, applicable here, is the "necessary cost, at local prices, to repair or replace." We find no merit in Auto–Owners' argument based on a plain misreading of the policy language.

More importantly, the arbitrator found that the amounts paid by Auto–Owners were not reasonable because Auto–Owners' evidence failed to establish that the prices it advocated provided "material of a similar kind or quality" as required by the policy. Contrary to Auto–Owners' assertions, the arbitrator did not find that

Auto–Owners' payments were within a range of reasonableness.

Auto–Owners argues at length that the arbitrator focused on the amount billed rather than the amount paid, constituting an erroneous interpretation of the policy language. We disagree. The arbitrator focused on both the amounts billed and the amounts paid, as was required to make the factual determination of whether Auto–Owners met its policy obligations. The arbitrator found that the prices Polzin billed were the necessary cost, at local prices, to repair or replace auto glass with materials of similar kind and quality, and the prices advocated by Auto–Owners were not. An arbitrator's findings of fact are final. *Barneson,* 486 N.W.2d at 177. The district court did not err in concluding that the arbitrator applied the proper legal standard and did not exceed his authority.

**C. The arbitrator did not exceed his authority by improperly shifting the burden to prove a violation of the contract.**

██ Auto–Owners argues that the arbitrator incorrectly required Auto–Owners to prove that it did not breach the insurance contract, improperly shifting the burden of proof. "In a breach-of-contract action against an insurance company, the plaintiff has the burden to prove that the insurer violated the terms of its insurance policy." *Glass Serv.,* 603 N.W.2d at 852.

██ The arbitrator found that "[t]he testimony and documentary evidence produced at the hearing shows that [Polzin] billed reasonable amounts for its services." The arbitrator considered, and found not credible, evidence offered by Auto–Owners to show that Polzin's billed costs were not reasonable. As the district court correctly concluded, the arbitrator did not erroneously shift the burden of proof to the defendant. The weighing of evidence did not constitute shifting the burden of proof. The arbitrator found that Polzin met its burden of proof to show that its bills were reasonable under the policy and Auto–Owners' evidence was not sufficient to rebut Polzin's evidence.

Auto–Owners attempts to repackage an issue of fact as an issue of law. Although not precedential for this case, a Minnesota Federal District Court case gives a cogent explanation of a similar argument, stating that an insurance company's argument "that, because it did not breach the insurance policy, any arbitrator who finds that it did breach the insurance policy *must* be applying the wrong burden of proof … is a thinly veiled attempt to get this Court to review a factual finding." *Alpine Glass, Inc. v. Ill. Farmers Ins. Co.,* 695 F.Supp.2d 909, 923 (D.Minn.2010). The court goes on to state that if this tactic were successful, "the No–Fault Act's prohibition of judicial review of the factual findings of arbitrators would be meaningless…." *Id.*

Here, the arbitrator found that "[t]he testimony and documentary evidence produced at the hearing shows that [Polzin] billed reasonable amounts for its services" and that Auto–Owners' evidence about the amounts paid lacked credibility. The arbitrator's findings did not shift the burden of proof to Auto–Owners.

**II. The award of preaward interest exceeded the arbitrator's authority.**

██ Whether the arbitrator exceeded his authority by awarding preaward interest involves the interpretation of Minn.Stat. § 549.09, subd. 1(b) (2010). "Statutory construction is a question of law, which this court reviews de novo." *In re Kleven,* 736 N.W.2d 707, 709 (Minn.App. 2007). "Application of a statute to the undisputed facts of a case involves a question of law, and the district court's decision

is not binding on this court." *Davies v. W. Publ'g Co.*, 622 N.W.2d 836, 841 (Minn. App.2001), *review denied* (Minn. May 29, 2001).

 Minn.Stat. § 549.09, subd. 1(b), provides, in relevant part, that "[e]xcept as otherwise provided by contract or allowed by law, ... preaward ... interest shall not be awarded on ... awards not in excess of the amount specified in section 491A.01...." Minn.Stat. § 491A.01 sets the jurisdictional limit on conciliation court claims, which, for the relevant time period, is $7,500. *See* Minn.Stat. § 491A.01, subd. 3 (2010). In this case, it is undisputed that none of the awards in the individual claims arbitrated exceeded $7,500.

Polzin argues that, because consolidation of the individual claims resulted in a single award in excess of the threshold, the arbitrator did not exceed his authority by awarding preaward interest.[1] Polzin cites Minn.Stat. § 572.15 (2010), which provides that an arbitration award "must include interest" as precluding the application of Minn.Stat. § 549.09, subd. 1(b)(4). Polzin also cites to an unpublished opinion of this court, relied on by the district court, affirming an award of preaward interest. *Glass Serv. Co., Inc. v. Ill. Farmers Ins. Co.*, 2007 WL 1815781 (Minn.App. June 26, 2007). But we find Polzin's statutory-construction argument without merit and the non-precedential unpublished case relied on unpersuasive.[2]

There is no conflict between Minn.Stat. § 572.15(a), which requires arbitration awards generally to include interest, and the specific limitation on preaward interest contained in Minn.Stat. § 549.09, subd. 1(b)(4). And to the extent that the statutes could be construed to conflict, under the well-settled rules of statutory construction, the specific limitation on preaward interest in Minn.Stat. § 549.09, subd. 1(b)(4), prevails over the general interest requirement in Minn.Stat. § 572.15(a). *See* Minn.Stat. § 645.26, subd. 1 (2010) (providing that with exceptions not applicable here, a special provision in a statute shall prevail and be construed as an exception to a general provision in the same or another statute); *Matter of Retirement Benefits of Yetka*, 554 N.W.2d 85, 91 (Minn.App.1996) (stating that statutes of specific application prevail over statutes of general application when there is a conflict, and each cannot be given full effect.) Given the supreme court's plain holding in *Ill. Farmers Ins. Co. v. Glass Serv. Co.*, 683 N.W.2d at 804, that individual claims do not lose their individual character through consolidation and because no individual award in this case exceeded $7,500, the arbitrator was without authority to award preaward interest.

## DECISION

Because the district court correctly concluded that the arbitrator did not exceed his authority in determining that Auto–Owners breached its contract of insurance, we affirm the district court's denial of Auto–Owners' motion to vacate the arbitration award, but because none of the individual claims or awards in this case exceeded the $7,500 threshold for pre-

---

1. Auto–Owners argues that this argument is first raised on appeal and should be waived under *Thiele v. Stich*, 425 N.W.2d 580, 582 (Minn.1988), but the record reflects that Polzin raised this argument in the district court.

2. The argument that the individual claims did not exceed the limitation in Minn.Stat. § 549.09, subd. 1(b)(4), was not raised in

*Glass Serv. Co., Inc. v. Ill. Farmers Ins. Co.*, and the opinion specifically recognized the supreme court's holding in *Ill. Farmers Ins. Co. v. Glass Serv. Co.*, 683 N.W.2d 792, 804 (Minn.2004), that individual claims do not lose their individual character through consolidation. 2007 WL 1815781 at *4.

award interest, we reverse the district court's denial of Auto–Owners' motion to vacate the preaward interest award.

**Affirmed in part and reversed in part.**