In re the ESTATE OF John Kenneth RUTT, a/k/a John K. Rutt and John Rutt, Deceased.

No. A12–0335.

Court of Appeals of Minnesota.

Oct. 22, 2012.

---

Terry H. Rueb, Rueb & Karl Law Office, Burnsville, MN, for appellants David Rutt and Peter Rutt.

Phillip R. Krass, Rachel R. Myers, Malkerson Gunn Martin LLP, Minneapolis, MN, for respondents Breeggemann, Ege, Hentges, Markstrom, Schmitt and Corrigan.

Considered and decided by WORKE, Presiding Judge; HOOTEN, Judge; and TOUSSAINT, Judge.*

## OPINION

HOOTEN, Judge.

In this second appeal in a probate action, appellants argue that the district court erroneously applied Minn.Stat. § 549.09, in two ways. First, appellants argue the district court erred by ordering that interest begin to accrue on the decedent's date of death. Second, appellants argue that the district court erred by applying the interest rate for judgments over $50,000 to a judgment for $73,592, which consisted of three transactions for $50,000 or less. Appellants also argue that the district court erred in refusing to reconsider its valuation and distribution of real and personal property.

Because a probate action is commenced upon the filing of a probate petition and because, in this case, that filing was not preceded by a demand for arbitration or written notice of the claim, Minn.Stat.

§ 549.09 requires interest to begin on the date the petition was filed. Because the district court designated the judgment complained of as a single judgment in the amount of $73,592, it did not err in applying the ten-percent interest rate for judgments over $50,000. Finally, appellants' assertion of error regarding the district court's refusal to reconsider its previous decisions are unsupported and do not present obvious error.

## FACTS

Decedent John Rutt died on September 10, 2006, survived by two sons and six daughters. Appellants are decedent's two sons, David Rutt and Peter Rutt. Respondents are decedent's daughters: Carol Breeggemann, JoAnne Ege, Jeanette Hentges, Marsha Markstrom, Rosemary Schmitt, and Paula Corrigan. Decedent's will provided that his estate was to be divided evenly among all the children, with the exception of Peter Rutt, who was to receive $5,000 less than his siblings.

Prior to decedent's death, David Rutt primarily attended to decedent's affairs. In December 2004, decedent fell ill while residing in a trailer home in Arizona. In conjunction with transporting decedent back to Minnesota, David Rutt sold the trailer for $6,800 and eventually deposited these funds in an account at Voyager Bank. The account at Voyager Bank was later placed in the name of both appellants.

In 2005, because decedent was incurring medical and care expenses in a nursing home, a plan to shelter decedent's assets and provide for the cost of his care was developed by decedent, David Rutt, Paula Corrigan, and decedent's attorney. However, the plan was never executed. Rath-

---

\* Retired judge of the Minnesota Court of Appeals, serving by appointment pursuant to

Minn. Const. art. VI, § 10.

er, in November 2005, decedent took out a $75,000 home equity line of credit against the value of his lake home in Remer, Minnesota to pay for some of his care. Between November 2005 and February 2006, in order to shelter decedent's assets while retaining eligibility for entitlement program benefits, Corrigan wrote four monthly checks, each in the amount of $4,198, to David Rutt from decedent's accounts. David Rutt deposited these checks in the Voyager account. After the February 2006 check, David Rutt and Corrigan agreed to transfer $30,000 out of decedent's home equity line of credit. However, despite this agreement with Corrigan and ostensibly without informing the other family members, David Rutt instead wrote a check to Peter Rutt and himself in the amount of $50,376, which was also deposited in the Voyager account. Upon decedent's death, David Rutt and Peter Rutt divided the contents of the Voyager account between themselves.

In addition to depositing decedent's funds in the Voyager account, David Rutt also wanted to buy decedent's lake home from decedent throughout 2005. David Rutt offered to pay $185,000 for the home in June 2005, even though the home was appraised at $285,000 in connection with the home equity loan. Ultimately, in January 2006, David Rutt and decedent executed a purchase agreement for the lake home for $185,000 without notifying respondents or decedent's attorney, in contravention of an agreement between David Rutt and Corrigan to involve the other siblings in any sale of the home.

The instant probate action was filed on November 1, 2006. Due to the dissension between the parties, a neutral third-party personal representative was appointed. After nearly three years of probate litigation, the district court allowed the appointed personal representative to include $73,592 [1] from the Voyager account and an additional $80,000 [2] for the value of the lake home as assets of the estate. In addition to one other uncontested judgment, the district court established judgments, in the form of accounts receivable, against both appellants as to the value of the Voyager account and against only David Rutt as to the sale of the lake home. The district court stated that "the accounts receivable ... shall accrue interest at the prejudgment rate set by statute (Section 549.09) ...; the date of accrual of the interest shall be September 10, 2006." The district court also awarded attorney fees against appellants.

Appellants challenged the district court's decision on a number of grounds, including whether the district court abused its discretion in denying their request to submit additional evidence regarding David Rutt's purchase and the valuation of the lake home and whether attorney fees were properly awarded against appellants, rather than the estate. This court affirmed the district court but held that the award of attorney fees should have been against the estate rather than appellants. *In re Estate of Rutt*, No. A09–2336, 2010 WL 3958649, at *8 (Minn.App. Oct. 12, 2010), *review denied* (Minn. Dec. 22, 2010). This court remanded for further proceedings,

---

1. This is $6,800 from the sale of the trailer home, $16,792 from the four monthly checks, and $50,000 from the home equity line of credit. It is unclear why the district court used $50,000 rather than $50,376.

2. The district court included $80,000 rather than the $100,000 difference between the paid amount and the appraised value, concluding that the $20,000 reduction "reflects a reasonable reduction based upon savings inuring to Decedent and the estate for the transfer/sale being finalized without agency commissions being incurred."

which was to include an "amendment of the final accounting to reflect the attorney-fee award."

The district court held a hearing on remand on February 1, 2011 to amend the final accounting and include the attorney fees award. At that hearing, counsel for the estate noted that the award could not be satisfied until appellants satisfied the debts owed to the estate. Appellants stated that they were prepared to make payment on the judgments, but argued that "a mistake was made on the value of that cabin which affects the $80,000" debt. The district court responded that it was "not going to readdress something that has been decided and passed upon by the Court of Appeals." Appellants also argued, as they do here, that "all claims have to be looked at singly and not together," such that a lower interest rate for judgments under $50,000 applies. On March 31, 2011, the district court filed an order rejecting these arguments, finalizing the accounting, and indicating the amounts of the debts owed to the estate by appellants, including interest. On December 21, 2011, the district court entered judgment on the debts appellants owed to the estate. Appellants challenged the order and judgment.

## ISSUES

I. Did the district court err in ordering interest to accrue under Minn. Stat. § 549.09 on the lake-home debt from the date of decedent's death?

II. Did the district court err in aggregating the Voyager account debts for purposes of the $50,000 threshold in Minn.Stat. § 549.09?

III. Did the district court err on remand in refusing to reconsider the value of the lake home and the distribution of personal property from the estate?

## ANALYSIS

Appellants' central argument is that the district court erred in its application of Minn.Stat. § 549.09, which determines the application of interest to judgments. "[P]reverdict, preaward, or prereport interest on pecuniary damages shall be computed as provided in paragraph (c) from the time of the commencement of the action or a demand for arbitration, or the time of a written notice of claim, whichever occurs first." Minn.Stat. § 549.09, subd. 1(b). "For a judgment or award of $50,000 or less ... the interest shall be computed as simple interest per annum. The rate of interest shall be based on the secondary market yield of one year United States Treasury bills, calculated on a bank discount basis as provided in this section" by the state court administrator. Id., subd. 1(c)(1). "For a judgment or award over $50,000, ... the interest rate shall be ten percent per year until paid." Id., subd. 1(c)(2).

■ "Statutory construction is a question of law, which this court reviews de novo." In re Kleven, 736 N.W.2d 707, 709 (Minn.App.2007). "Application of a statute to the undisputed facts of a case involves a question of law, and the district court's decision is not binding on this court." Davies v. W. Publ'g Co., 622 N.W.2d 836, 841 (Minn.App.2001), review denied (Minn. May 29, 2001).

## I.

■ The district court, without explanation, ordered that prejudgment interest was to accrue beginning on September 10, 2006, the date of the decedent's death. Appellants assert that this was error because interest should only accrue from the time of the first notice of the claim, which they argue occurred at the close of the

evidentiary hearing on April 7, 2009, when the personal representative gave notice of a challenge to the transfer of the decedent's lake home to David Rutt. Respondents argue that the district court was correct because "the probate estate commenced upon Decedent's death."

■ We reject both arguments. Minn. Stat. § 549.09, subd. 1, requires interest to begin accruing on the earliest of (1) "the commencement of the action," (2) "a demand for arbitration," or (3) "the time of a written notice of claim." *See also Trapp v. Hancuh*, 587 N.W.2d 61, 63 (Minn.App. 1998) (stating that, under the statute, "prejudgment interest does not begin to run until an action is brought"). "A formal testacy proceeding may be commenced by an interested person or a personal representative named in the will filing a petition" for formal probate of a will. Minn. Stat. § 524.3–401 (2010).

■ In this case, a petition for probate was filed on November 1, 2006. Since there was no demand for arbitration and no written notice of the claim regarding the lake home before November 1, 2006, the triggering event for the accrual of interest is the commencement of the probate action.

Respondents argue that the accrual of interest is meant to compensate the injured party for the loss of value, which would be lost to the estate beginning on the date of death. Appellants argue that it would be unfair to apply interest until the claim for the value of the home was made clear. While both parties appear to present valid equitable considerations, we must apply the clear and unambiguous language of section 549.09 to this case. *See* Minn. Stat. § 645.16 (2010) (requiring the application of "the letter of the law" if the text of the law "is clear and free from all ambiguity"). Because no demand for arbitration or written notice of the claim oc-

curred prior to the filing of the probate petition, section 549.09 requires that interest accrue as of November 1, 2006.

## II.

■ Appellants also argue that the district court erred by applying the ten-percent interest rate for judgments over $50,000 under section 549.09 to the $73,592 Voyager account judgment. Appellants assert that this was error because the Voyager Bank judgment was "comprised of the $6,800.00 trailer sale proceeds, $50,000.00 mortgage withdrawal or 'payment' and $16,792.00 deposited as part of a medical assistance eligibility plan." Respondents argue that the statute applies the ten-percent rate to judgments over $50,000, not "components of judgments."

■ Appellants argue that the "inability to aggregate multiple claims to cross the $50,000 threshold value of subdivision 1(c)(2) was recognized in" an unreported federal district court decision. *See Alpine Glass, Inc. v. Am. Family Ins. Co.*, No. 06–4213(DSD/SRN), 2010 WL 5088188 (D.Minn. Dec. 7, 2010). While "federal court interpretations of state law are not binding on state courts," *State ex rel. Hatch v. Employers Ins. of Wausau*, 644 N.W.2d 820, 828 (Minn.App.2002), *review denied* (Minn. Aug. 6, 2002), this court recently agreed with the reasoning of *Alpine Glass* in *Garlyn, Inc. v. Auto–Owners Ins. Co.*, 814 N.W.2d 709 (Minn.App.2012). In *Garlyn*, an automobile glass repair company was assigned its customers' individual claims against and insurance company for underpayment of automobile glass repairs. 814 N.W.2d at 711–12. An arbitrator awarded damages on the claims and assessed interest under section 549.09 to the total aggregated award. *Id.* at 712, 715. This court held that "individual claims do not lose their individual charac-

ter through consolidation" and that, under section 549.09, the applicable interest rate should be determined based on the value of each individual claim. *Id.* at 715.

However, *Garlyn* is distinguishable because it involved a lump-sum judgment based on the individual claims of different parties that were later assigned and consolidated. In this case, the judgment consists of multiple claims on behalf of the estate against appellants. This is a material difference because applying interest to an award comprising aggregated claims in the auto glass cases would have permitted the plaintiffs to unfairly gain, through consolidation, the right to more interest than they would otherwise earn if the cases were not consolidated. There is no such concern here regarding the right of the estate and we do not adopt that holding in this case.

 Rather, we look to the language of the statute to determine its application. *State by Beaulieu v. RSJ, Inc.*, 552 N.W.2d 695, 701 (Minn.1996). Section 549.09 does not indicate that the $50,000 threshold must be met by individual claims, it merely states that the "judgment or award [be] over $50,000." In this case, the district court ordered that "judgment(s) as against David J. Rutt and/or Peter F. Rutt consistent with the Final Account and Order of Distribution as well as with this and prior orders in this proceeding are hereby entered immediately." In the previous order, the district court "include[d] as [an] additional estate asset[ ]: $73,592.00, which represents funds of Decedent deposited into an account with Voyager Bank, the same having been retained by David J. Rutt and/or Peter F. Rutt." The district court then described the three transactions that made up the $73,592 that was improperly retained by appellants. On remand, the district court ordered "[j]udgment in favor of the Estate

and against David Rutt and Peter Rutt jointly and severally in the total amount of $112,051.98 including interest through December 31, 2011. (Voyager Account)." This language indicates that the "judgment" in this case is for the total amount, despite the three underlying transactions. In this case, the judgment was for $73,592, to which the district court correctly applied the ten-percent interest rate for judgments greater than $50,000.

We acknowledge that this conclusion may allow the district court to influence the application of section 549.09 by exercising discretion in phrasing judgments. Minnesota courts have recognized that judicial discretion includes "that part of the judicial power which depends, not upon the application of rules of law or the determination of questions of strict right, but upon personal judgment to be exercised in view of the circumstances of each case." *State v. N. Pac. Ry.*, 221 Minn. 400, 408–09, 22 N.W.2d 569, 574 (1946) (quotation omitted). The phrasing and wording of judgments to be entered is not bound by "the application of rules of law or the determination of questions of strict right" and thus is an exercise of that discretion. In this case, because the funds from the three individual transactions were comingled in the Voyager account and because David Rutt and Peter Rutt were jointly and severally liable for the value of that account, we cannot say that the district court abused this discretion.

### III.

Appellants also argue that the district court erred in refusing their requests on remand to reconsider the valuation of the lake home and the distribution of personal property from the estate. Respondents argue that the valuation of the lake home and the distribution of personal property were both previously decided and that

there was no abuse of discretion in declining to revisit those decisions.

 Appellants' arguments on both issues are not supported by any legal authority or analysis. "An assignment of error based on mere assertion and not supported by any argument or authorities in appellant's brief is waived and will not be considered on appeal unless prejudicial error is obvious on mere inspection." *State v. Modern Recycling, Inc.*, 558 N.W.2d 770, 772 (Minn.App.1997) (quotation omitted); *see also Ganguli v. Univ. of Minn.*, 512 N.W.2d 918, 919 n. 1 (Minn. App.1994) (declining to address an assertion of error because appellant did "not support th[ ]e allegations with constitutional analysis or citation"). Moreover, the district court's actions on remand are reviewed for an abuse of discretion. *Hamilton v. Killian*, 296 Minn. 256, 259–60, 207 N.W.2d 703, 705 (1973); (allowing discretion in presenting additional evidence); *Duffey v. Duffey*, 432 N.W.2d 473, 476 (Minn.App.1988) (allowing discretion on remand). Having reviewed the district court's actions, we do not find obvious error in declining to readdress previous decisions, particularly when those decisions were addressed by this court in the previous appeal.

## DECISION

A probate action is commenced when the probate petition is filed; when that commencement is the earliest of the triggering events listed in Minn.Stat. § 549.09, interest begins to accrue on that date. The district court therefore erred in ordering interest to begin to accrue on the date of the decedent's death, rather than the date on which the probate petition was filed. The amount of a judgment, for purposes of determining the interest rate applied under Minn.Stat. § 549.09, is determined by the total amount of each judgment as de-

lineated by the district court. Thus, the district court did not err in applying the ten-percent interest rate for judgments over $50,000 to the Voyager Bank judgment. Appellants' other arguments are unsupported and do not represent obvious error. Thus, we reverse only on the issue of the date on which interest begins to accrue and remand to the district court for entry of judgment with interest calculated from November 1, 2006, the date the probate petition was filed.

**Affirmed in part, reversed in part, and remanded.**