*This opinion will be unpublished and
may not be cited except as provided by
Minn. Stat. § 480A.08, subd. 3 (2014).*

**STATE OF MINNESOTA
IN COURT OF APPEALS
A15-1728**

Thomas C. Rubey, petitioner,
Appellant,

vs.

Valerie A. Vannett,
Respondent.

**Filed June 20, 2016
Affirmed
Hooten, Judge**

Washington County District Court
File No. 82-F8-02-004611

Thomas C. Rubey, Woodbury, Minnesota (pro se appellant)

Valerie A. Vannett, Apple Valley, Minnesota (pro se respondent)

Considered and decided by Halbrooks, Presiding Judge; Hooten, Judge; and Jesson, Judge.

**U N P U B L I S H E D   O P I N I O N**

**HOOTEN**, Judge

In this parenting time dispute, pro se appellant father argues that the district court made findings that are unsupported by the record, abused its discretion by suspending his parenting time and by admitting into evidence an affidavit by the minor child, erred by

relying on the guardian ad litem's report, and violated his constitutional and other rights. We affirm.

## FACTS

Pro se appellant father, Thomas C. Rubey, and pro se respondent mother, Valerie A. Vannett, were married in 1999 and divorced in 2004. They are the parents of one minor child, A.R., who was born in 2001. The district court found that "[s]ince the parties' divorce in 2004 until the present, the parties have consistently been back in [c]ourt on numerous occasions for numerous reasons." Vannett was originally awarded sole legal and sole physical custody of A.R., but after Rubey successfully appealed the judgment and decree, the district court in September 2009 awarded the parties joint legal custody of A.R. and awarded Vannett sole physical custody, "subject to [Rubey's] right to liberal and reasonable parenting time." The district court ordered a modified parenting time schedule in August 2014.

In the current proceeding, the district court heard testimony that Rubey and A.R. maintained a close relationship for most of A.R.'s life. The district court also heard testimony that, during the fall of 2014, Rubey and A.R. disagreed about the effect of A.R.'s dance-related activities on Rubey's parenting time, "and since that time, the strain in this parent-child relationship has so deepened that [A.R.] now refuses to participate in parenting time alone with [Rubey]."

On December 16, 2014, Rubey filed a motion requesting that the district court order Vannett to comply with the existing parenting time order and requesting compensatory parenting time, alleging that Vannett was wrongfully denying him his parenting time. In

his affidavit accompanying the motion, Rubey alleged that since October 17, 2014, when he has arrived to pick up A.R. for his parenting time, Vannett has refused to let A.R. go with him, and he has not been able to reach A.R. by telephone.

On January 30, 2015, Rubey filed a motion requesting the district court to hold Vannett in contempt of court and again requesting compensatory parenting time. On February 5, 2015, Rubey filed a motion for change of custody based on the same alleged denial of parenting time, requesting that the district court amend its custody determination by awarding the parties joint physical custody of A.R. or, in the alternative, awarding Rubey sole physical custody.

On February 25, 2015, Rubey filed an amended motion for change of custody. In addition to the previously requested relief, he requested an order discharging the guardian ad litem on the basis that custody evaluations should be completed by "private custody evaluator[s]" or, in the alternative, on the basis that the guardian ad litem's appointment was "deeply prejudicial" to Rubey. The guardian ad litem was first appointed to this case in February 2014 to address parenting time issues. The guardian ad litem's June 2, 2014 report was considered by the district court in its August 2014 order, which was the basis of Rubey's most recent appeal to this court. *Rubey v. Vannett*, No. A15-0197, 2015 WL 7941130, at *2–3 (Minn. App. Dec. 7, 2015), *review denied* (Minn. Feb. 16, 2016). In the report, the guardian ad litem stated that she "attempted to interview Mr. Rubey and was able to get some information, but mostly the [guardian ad litem] was bullied, yelled at, and forced to deal with Mr. Rubey's attempted intimidation." The district court dismissed the

3

guardian ad litem from the case on June 5, 2014, but reappointed the same guardian ad litem on February 20, 2015.

On February 27, 2015, Vannett filed a responsive motion and affidavit, denying all of Rubey's allegations and claiming that she had not done anything to deny Rubey his parenting time, but that A.R. "refuses to go with him for parenting time" because "she is scared of him." Vannett also submitted an affidavit of A.R., who stated, "My mom has not restricted me from seeing my father[.] I refused to go with him because I am scared of him. It has been my own decision." A.R. stated that Vannett has encouraged her to see Rubey, but A.R. is too frightened to spend time with him "due to his actions." A.R. further stated that, after being advised by a police officer, she decided to block Rubey's phone number on her cell phone.

On April 2, 2015, the guardian ad litem submitted an interim report for a review hearing. The guardian ad litem recommended that the current parenting time schedule be continued, but that it be suspended until Rubey meets with A.R.'s therapist and follows any recommendations of the therapist in an attempt to reestablish the parent-child relationship.

An evidentiary hearing was held on April 20, 2015, to address the three motions filed by Rubey. The district court heard testimony from the guardian ad litem, Vannett, Rubey, Rubey's mother, and Rubey's ex-girlfriend.

In its June 24, 2015 order, the district court found that Rubey had failed to show that Vannett is responsible for A.R.'s recent refusal to participate in parenting time and found that Vannett had not violated any prior order. The district court found that Rubey's "own

4

actions have greatly contributed to [A.R.'s] refusal to participate in parenting time with [Rubey]." It found that Rubey "has exhibited intimidating behavior and taken actions that have resulted in [A.R.] feeling anxious and fearful." The district court noted that since this case began in 2002, "there have been consistent allegations that [Rubey] resorts to intimidation when anyone dares to disagree with him." The district court also noted that, in its September 2009 order, it found that Rubey often places his own interests above those of A.R.'s, to the detriment of A.R. The district court found that it currently was not in A.R.'s best interests to engage in any parenting time with Rubey while she feels anxious and afraid. The district court adopted the guardian ad litem's recommendations, finding that it was in A.R.'s best interests that Rubey's parenting time be suspended until (1) Rubey meets with A.R.'s therapist and follows any recommendations of the therapist to reestablish the parent-child relationship, and (2) A.R. is comfortable spending time alone with Rubey. Finally, the district court found that Rubey had offered no evidence supporting his claim that a change in physical custody would be in A.R.'s best interests.

The district court denied Rubey's motions for compensatory parenting time and to hold Vannett in contempt, continued the parties' current parenting time schedule, suspended Rubey's parenting time until the two conditions are satisfied, discharged the guardian ad litem, and denied Rubey's other requested relief. This appeal followed.

## D E C I S I O N

I. **The district court's findings are supported by the record.**

Rubey argues that the district court's findings are not supported by the record. We will not set aside the district court's findings of fact unless they are clearly erroneous.

5

*Fletcher v. St. Paul Pioneer Press*, 589 N.W.2d 96, 101 (Minn. 1999). We defer to the district court's credibility determinations. *Vangsness v. Vangsness*, 607 N.W.2d 468, 472 (Minn. App. 2000). Most of the evidence in this case consists of conflicting testimony between the two parties and their witnesses. The district court clearly credited Vannett and A.R.'s version of the facts and did not credit Rubey's, and we defer to that determination. *Id.*; *see also Mjolsness v. Mjolsness*, 363 N.W.2d 839, 841 (Minn. App. 1985) ("The [district] court was able to observe the witnesses and had the opportunity to judge their credibility on a first-hand basis.").

In their affidavits, Vannett and A.R. both stated that A.R.'s refusal to engage in parenting time was A.R.'s decision, not Vannett's, and that Rubey's harassing and intimidating behavior has caused A.R. to be afraid of him. Vannett stated that A.R. has told Rubey on a number of occasions that A.R. is afraid of him, and his reaction is to try "to bully and intimidate her by parking outside [her] home and calling [her] cell [phone] incessantly." A.R. stated that she has refused to engage in parenting time with Rubey "because [she is] scared of him." A.R. stated that Vannett has encouraged her to try to see Rubey, but she is "too afraid to try." She also stated that she decided to block Rubey's phone number on her cell phone because "he would call numerous times and intimidate [her]." At the evidentiary hearing, the guardian ad litem testified that she had recently interviewed A.R., Vannett, and Rubey and, in her opinion, Vannett had not interfered with Rubey's parenting time. The guardian ad litem also testified that A.R.'s fear of Rubey was not "promoted" by Vannett. Vannett testified consistently with her affidavit.

6

The district court found that Rubey's intimidating behavior has caused A.R. to be afraid of him; that Vannett has not interfered with Rubey's parenting time; and that it is in A.R.'s best interests that Rubey's parenting time be suspended until Rubey meets with A.R.'s therapist and follows any recommendations, and until A.R. feels comfortable spending time alone with Rubey. These findings are supported by the record and are not clearly erroneous.

## II. The district court did not abuse its discretion by temporarily suspending Rubey's parenting time.

Rubey argues that the district court violated Minn. Stat. § 518.175, subd. 5 (2014), by suspending his parenting time without making a finding that he endangered A.R.'s physical or emotional health. "The district court has broad discretion in determining parenting-time issues and will not be reversed absent an abuse of that discretion." *Dahl v. Dahl*, 765 N.W.2d 118, 123 (Minn. App. 2009). "It is well established that the ultimate question in all disputes over [parenting time] is what is in the best interest of the child." *Clark v. Clark*, 346 N.W.2d 383, 385 (Minn. App. 1984), *review denied* (Minn. June 12, 1984).

Minn. Stat. § 518.175, subd. 5, provides:

> (a) If modification would serve the best interests of the child, the court shall *modify* . . . an order granting or denying parenting time, if the modification would not change the child's primary residence.

> (b) Except as provided in section 631.52, the court may not *restrict* parenting time unless it finds that . . . parenting time is likely to endanger the child's physical or emotional health or impair the child's emotional development . . . .

7

*Id.* (emphasis added). This statute does not apply to this case, however, because the district court neither "modif[ied]" nor "restrict[ed]" Rubey's parenting time. Indeed, the district court did not even change the parties' parenting time schedule. *See Dahl*, 765 N.W.2d at 123–24 ("A restriction occurs when a *change* to parenting time is substantial. Modifications are less substantial *changes* in parenting time." (emphasis added) (quotations and citation omitted)). Rather, the district court ordered that the parties' parenting time schedule would continue, but temporarily suspended Rubey's parenting time, subject to the completion of two conditions.[1]

Another statute applies when a district court denies parenting time on a temporary basis, as was done in this case: "No temporary order shall . . . [d]eny parenting time to a parent unless the court finds that the parenting time is likely to cause physical or emotional harm to the child." Minn. Stat. § 518.131, subd. 2(a) (2014). The district court found that Rubey "has exhibited intimidating behavior and taken actions that have resulted in [A.R.] feeling anxious and fearful" to such an extent that she completely refuses to engage in parenting time with him. And, the district court explicitly found that it was in A.R.'s best interests that Rubey's parenting time be temporarily suspended. As discussed above, these findings are supported by the record. We conclude that, on this record, the district court's implicit finding that Rubey's exercise of his parenting time would likely cause A.R. emotional harm is not clearly erroneous. *See Prahl v. Prahl*, 627 N.W.2d 698, 703 (Minn.

---

[1] Rubey also argues that the district court abused its discretion by reducing his parenting time below 25% without proper findings. But, because the district court did not modify or restrict Rubey's parenting time, there is no merit to this argument.

App. 2001) (stating, in the context of a maintenance dispute, that "[w]e may treat statutory factors as addressed when they are implicit in the findings"). We therefore conclude that the district court did not abuse its discretion by temporarily suspending Rubey's parenting time.

## III.    The district court did not abuse its discretion by admitting A.R.'s affidavit.

Rubey argues that the district court abused its discretion by admitting A.R.'s affidavit in support of Vannett's responsive motion because A.R. was under 14 years of age when she signed the affidavit and Vannett failed to get prior approval to submit the affidavit. A.R. was 13 years of age when she submitted her affidavit. "The admission of evidence rests within the broad discretion of the [district] court and its ruling will not be disturbed unless it is based on an erroneous view of the law or constitutes an abuse of discretion." *Kroning v. State Farm Auto. Ins. Co.*, 567 N.W.2d 42, 45–46 (Minn. 1997) (quotation omitted).

The Minnesota Rules of General Practice provide that "[n]o child under the age of fourteen years will be allowed to testify without prior written notice to the other party and court approval." Minn. R. Gen. Pract. 303.03(d)(7). But, this provision is under subsection (d) of the rule, entitled, "Request for Oral Testimony," and therefore does not appear to govern the submission of written testimony in the form of affidavits. The district court did not abuse its discretion by admitting the affidavit.

## IV.    The district court did not err by considering the guardian ad litem's report.

Rubey argues that the district court erred by considering the guardian ad litem's April 2, 2015 interim report, alleging that the guardian ad litem did not complete any

9

investigation before issuing her report, in violation of statute. *See* Minn. Stat. § 518.165, subd. 2a (2014) (providing that guardian ad litem shall "conduct an independent investigation to determine the facts relevant to the situation of the child and the family, which must include, unless specifically excluded by the court, . . . interviewing parents, caregivers, and others with knowledge relevant to the case"). Rubey also argues that there is an appearance of impropriety in this case because the guardian ad litem allegedly used the "denial of parenting time to seek retribution against a parent for filing a complaint." Rubey does not cite to the record in support of his conclusory assertions, and therefore his arguments are not properly before this court. *See In re Estate of Rutt*, 824 N.W.2d 641, 648 (Minn. App. 2012) ("An assignment of error based on mere assertion and not supported by any argument or authorities in appellant's brief is waived and will not be considered on appeal unless prejudicial error is obvious on mere inspection." (quotation omitted)), *review denied* (Minn. Jan. 29, 2013).

## V.     The district court did not violate Rubey's right to access public services.

Rubey argues that the district court violated his right to access public services by finding it "prejudicial" that he reported to the police Vannett's "felony deprivation" of his parenting time. The record contains police reports from October 16, 2014, to January 22, 2015, documenting Rubey's attempts to pick up A.R. for parenting time and A.R.'s refusal to engage in parenting time. The district court included these police contacts as part of Rubey's alleged pattern of intimidating behavior that has existed since 2002. The district court found that Rubey "called the police on at least 17 occasions. When police were called, [A.R.] was often left scared and crying, and often had to speak with the police

10

officers herself. Each time police were again called, [A.R.'s] anxiety and fear about spending time with [Rubey] intensified." On this record, Rubey has not shown that the district court infringed on his right to access public services, and the district court did not clearly err by finding Rubey's repeated calls to police to be part of a pattern of intimidation.

**VI.     The district court did not violate Rubey's First Amendment rights.**

Rubey argues that the district court violated his First Amendment right "to petition the Government for a redress of grievances," U.S. Const. amend. I, by "punish[ing]" him for filing complaints against the guardian ad litem and the parenting time expeditor.

In its order, the district court listed several instances of Rubey's alleged pattern of intimidating behavior, including his filing of formal complaints against the guardian ad litem and the parenting time expeditor after they made recommendations that he did not agree with. The district court cited the guardian ad litem's June 2, 2015 report, in which she stated that Rubey yelled at her, bullied her, and tried to intimidate her when she attempted to interview him. The district court cited additional evidence of Rubey's alleged intimidating tactics, including (1) an October 2003 order preventing Rubey from entering A.R.'s daycare based on allegations that Rubey had threatened a daycare provider;[2] (2) a September 2009 order finding that Rubey's behavior at parenting time exchanges created

---

[2] Rubey correctly points out that the October 22, 2003 order was an emergency ex parte order. In a November 17, 2003 order, the district court vacated the ex parte order, but eliminated Rubey's lunchtime visits at A.R.'s daycare, forbade Rubey from discussing with daycare personnel any issues relating to custody, and limited his ability to contact or enter the daycare. This later order supports the district court's observation that there have been consistent allegations that Rubey "resorts to intimidation when anyone dares to disagree with him."

11

an intimidating and hostile environment; and (3) evidence that, in the fall of 2014, Rubey did not attend therapy with A.R. to address her fears and anxiety, instead parking his car outside Vannett's home, repeatedly calling A.R.'s cell phone, and contacting the police numerous times.

We conclude that, in citing the complaints that Rubey filed against the guardian ad litem and the parenting time expeditor, along with several other incidents of "intimidating behavior and . . . actions that have resulted in [A.R.] feeling anxious and fearful," the district court did not "punish[]" Rubey for filing the complaints and did not violate his First Amendment right to petition the government for a redress of grievances.

## VII.    Rubey's other arguments are not properly before this court.

Rubey argues that the district court violated his equal protection rights because district courts generally are "very aggressive" with ensuring that non-custodial parents pay child support, but are "decidedly less aggressive" with ensuring that custodial parents comply with parenting time orders.  He also contends that the district court abused its discretion by not finding Vannett in contempt for denying his parenting time.  These arguments are not properly before this court because they are not supported by any legal argument or authorities.  *Rutt*, 824 N.W.2d at 648.

**Affirmed.**

12