*This opinion is nonprecedential except as provided by*
*Minn. R. Civ. App. P. 136.01, subd. 1(c).*

**STATE OF MINNESOTA**
**IN COURT OF APPEALS**
**A23-0033**

In re the Estate of John Kenneth Rutt,
a/k/a John K. Rutt and John Rutt, Deceased.

**Filed November 13, 2023**
**Affirmed**
**Frisch, Judge**

Carver County District Court
File No. 10-PR-06-104

Roxanne R. Karl, Roxanne R. Karl Law Office, Burnsville, Minnesota (for appellant David
J. Rutt)

Patrick B. Steinhoff, Thomas F. Devincke, Malkerson Gunn Martin LLP, Minneapolis,
Minnesota (for respondents Carol Breeggemann and JoAnne Ege)

        Considered and decided by Larkin, Presiding Judge; Frisch, Judge; and Halbrooks,

Judge.[*]

**NONPRECEDENTIAL OPINION**

**FRISCH**, Judge

        Appellant challenges the probate court's order granting respondents' motion for

judgment on the pleadings, dismissing a petition for removal of respondents as personal

representatives of the estate. Because appellant failed to state a legally sufficient claim for

---

[*] Retired judge of the Minnesota Court of Appeals, serving by appointment pursuant to
Minn. Const. art. VI, § 10.

relief and the probate court properly exercised its discretion in declining to remove respondents based on the claims set forth in appellant's petition, we affirm.

**FACTS**

This is the fourth appeal arising from the probate of decedent John Rutt's estate. John Rutt died in 2006. He was survived by several of his children including appellant David Rutt and respondents Carol Breeggemann and JoAnne Ege (referred to hereafter as successor co-personal representatives). We have detailed the facts related to the estate in our three previous decisions, *In re Estate of Rutt*, No. A09-2336 (Minn. App. Oct. 12, 2010), *rev. denied* (Minn. Dec. 22, 2010) (*Rutt I*); *In re Estate of Rutt*, 824 N.W.2d 641 (Minn. App. 2012), *rev. denied* (Minn. Jan. 29, 2013) (*Rutt II*); and *In re Estate of Rutt*, No. A18-0749 (Minn. App. Mar. 11, 2019) (*Rutt III*). The facts most relevant to the circumstances leading to the current appeal are as follows.

In 2011, the probate court appointed the successor co-personal representatives as representatives of the estate. The probate court also entered judgments in favor of the estate and against Rutt,[1] including $121,803.33 arising from Rutt's wrongful purchase of decedent's real property (the lake home). That sum represented the principal judgment and interest through December 31, 2011.

---

[1] We refer to appellant David Rutt as "Rutt." We refer to decedent John Rutt as "decedent."

In 2020, the successor co-personal representatives commenced a civil action for renewal of the judgment. The renewed judgment reflected a balance in the amount of $135,308.57.[2]

In 2022, Rutt petitioned for removal of the successor co-personal representatives and to appoint a replacement neutral personal representative. He alleged that the successor co-personal representatives (1) breached their fiduciary duties by failing to file "fiduciary income tax returns on behalf of the Estate" for the years 2012-2021, when the estate received gross income of $600 or more (tax claim); (2) breached their fiduciary duties by failing to provide Rutt with an accounting of the estate upon request (accounting claim); (3) breached their fiduciary duties based on animosity (animosity claim); (4) breached their fiduciary duties through conflicts of interest and self-dealing (conflict-of-interest and self-dealing claim); and (5) were unjustly enriched in failing to correct a previous real property valuation and in applying funds from garnishment of Rutt's earnings (unjust-enrichment claim). Rutt sought both equitable relief, damages, and attorney fees.

The successor co-personal representatives answered and objected to Rutt's petition and then moved for judgment on the pleadings.[3] Following a hearing, the probate court

_____

[2] Rutt alleges in his current petition that there may have been an amended judgment. The amended judgment is not part of the record on appeal, and the nature of the amendment is unclear from the allegations.

[3] It appears that the successor co-personal representatives filed certain documents relevant to this appeal in the civil-judgment action only. However, we consider those documents as part of the record on appeal, as it appears that the documents also include the case number for the probate action and the documents were intended to be filed in both actions. *See* Minn. R. Civ. App. P. 110.01 ("The documents filed in the trial court, the exhibits, and the transcript of the proceedings, if any, shall constitute the record on appeal in all cases.").

granted the motion and dismissed Rutt's petition with prejudice. The probate court reasoned that Rutt's tax, animosity, conflict-of-interest and self-dealing, and unjust-enrichment claims were barred by the doctrine of collateral estoppel. And it concluded that Rutt's accounting claim did not set forth a basis to remove the successor co-personal representatives.

Rutt appeals.

## DECISION

Rutt argues that the probate court erred by granting the successor co-personal representatives' motion for judgment on the pleadings with respect to each claim set forth in his petition for removal. We address each claim in turn.

We review the probate court's "grant of a motion for judgment on the pleadings under Minn. R. Civ. P. 12.03 de novo to determine whether the complaint sets forth a legally sufficient claim for relief." *Harkins v. Grant Park Assoc.*, 972 N.W.2d 381, 385 (Minn. 2022) (quotation omitted). "A claim is legally sufficient if it is possible on any evidence which might be produced to grant the relief demanded." *Id.* (quotation omitted). "In determining whether a claim is legally sufficient, we consider only the facts alleged in the complaint, accepting those facts as true and drawing all reasonable inferences in favor of the nonmoving party." *Id.* (quotation omitted).

The probate court "has discretion to determine suitability of a personal representative, and that determination will not be reversed absent an abuse of discretion." *In re Est. of Martignacco*, 689 N.W.2d 262, 269 (Minn. App. 2004), *rev. denied* (Minn. Jan. 26, 2005). We "will not reverse the [probate] court's determination regarding removal

4

of a personal representative unless the [probate] court clearly abused its discretion by disregarding the facts." *Id*.

### Tax Claim

Rutt argues that the probate court improperly applied the doctrine of collateral estoppel to his claim that the successor co-personal representatives breached their fiduciary duty by failing to file tax returns. We need not decide whether the probate court properly applied the doctrine of collateral estoppel because, taking the allegations in the petition as true and drawing all reasonable inferences in favor of Rutt as the nonmoving party, we conclude that Rutt failed to state a legally sufficient claim for relief.

Rutt alleged that the successor co-personal representatives should be removed because their failure to file income tax returns was a breach of their fiduciary duty. "A breach of fiduciary duty claim consists of four elements: duty, breach, causation, and damages." *Hansen v. U.S. Bank Nat'l Assoc.*, 934 N.W.2d 319, 327 (Minn. 2019). Rutt alleged in the petition that the successor co-personal representatives had a duty to file income tax returns, that the estate earned sufficient income to be required to file such returns, that the successor co-personal representatives breached their duty to the estate by not filing the returns, and that, as a result of that breach, penalties would be assessed for which the estate, and ultimately the devisees, could be responsible. But Rutt failed to allege that he or the estate had suffered any damage as a result of the alleged breach. Without damage, a claim of breach of fiduciary duty fails. *Lund ex rel. Revocable Tr. of Lund v. Lund*, 924 N.W.2d. 274, 284 (Minn. App. 2019) (affirming the district court's grant of summary judgment on cross-appellant's breach-of-fiduciary-duty claim because she

5

presented no evidence of damage), *rev. denied* (Minn. Mar. 27, 2019). Rutt failed to cite any authority standing for the proposition that possible exposure to tax penalties is sufficient to establish damage for a breach of fiduciary duty. In the absence of any alleged damages, the probate court properly dismissed the claim on a motion on the pleadings.

***Accounting Claim***

Rutt argues that because the successor co-personal representatives have not disclosed certain financial information of the estate, the probate court erred in dismissing his petition to remove the successor co-personal representatives on this basis. We disagree.

We emphasize that the decision to remove a personal representative lies within the discretion of the probate court. *Martignacco*, 689 N.W.2d at 269. "Cause for removal exists when . . . the personal representative has disregarded an order of the court, has become incapable of discharging the duties of office, or has mismanaged the estate or failed to perform any duty pertaining to the office." Minn. Stat. § 524.3-611(b) (2022). While the probate court has the authority to remove a personal representative, the probate court also "has full power to make orders, judgments and decrees and take all other action necessary and proper *to administer justice* in the matters which come before it." Minn. Stat. § 524.1-302(b) (2022) (emphasis added). And the probate code must be "liberally construed and applied to promote the underlying purposes" including "to promote a speedy and efficient system for liquidating the estate of the decedent and making distribution to successors." Minn. Stat. § 524.1-102(a), (b) (2022).

The probate court acted within its discretionary legal authority in determining that, even accepting Rutt's allegations as true, removal of the successor co-personal

6

representatives was not warranted. The probate court acknowledged that the estate consists of one asset—the judgment against Rutt—and that Rutt is already aware of the accounting information he claims has been denied. Given the protracted litigation in the estate, the origin and nature of the estate's only asset, and the relitigation of issues already decided by the probate court, we read the probate court's dismissal as furthering the administration of justice and as attempting to promote the expeditious resolution of the estate. We therefore see no abuse of discretion in the probate court's determination that removal of the successor co-personal representatives for the reasons set forth in Rutt's petition was not warranted.[4]

### *Animosity, Conflicts of Interest and Self-Dealing, and Unjust Enrichment*

Rutt argues that the probate court erred by applying the doctrine of collateral estoppel to his remaining claims because the issues set forth in the petition are not identical to issues previously litigated and there has been no final adjudication on the merits.[5] Even

---

[4] At oral argument before this court, Rutt's counsel suggested that the underlying petition before the district court sought the disclosure of certain information from the estate. We note that the petition only sought the removal of the successor co-personal representatives, not any other relief.

[5] Rutt does not seem to argue in his principal brief on appeal that the probate court's application of collateral estoppel to his animosity claim was erroneous. But in his reply brief, Rutt generally asserts that the purpose of the animosity claim is "not to relitigate old claims but, rather, to show a pattern of behavior" that supports his petition for removal. Rutt made the same argument to the probate court. Generally, issues not raised or argued in appellant's principal brief cannot be raised in a reply brief. *Moorhead Econ. Dev. Auth. v. Anda*, 789 N.W.2d 860, 887 (Minn. 2010). "But we have considered issues or theories a party failed to raise in its principal brief, especially when those theories were argued at the district court level and both parties addressed the theory in their briefs." *Id.* Because it appears that Rutt argued to the probate court that collateral estoppel should not bar his animosity claim, we consider the argument on appeal.

if the doctrine of collateral estoppel does not bar relitigation of all of Rutt's claims set forth in the petition, the probate court did not err by applying a preclusive bar to Rutt's claims.

Collateral estoppel, or issue preclusion, prohibits a party from relitigating an issue that was raised during prior proceedings. *Hauschildt v. Beckingham*, 686 N.W.2d 829, 837 (Minn. 2004). The doctrine of collateral estoppel applies if: (1) the issue is "identical to the one in a prior adjudication," (2) "there was a final judgment on the merits," (3) "the estopped party was a party or in privity with a party to the prior adjudication," and (4) "the estopped party was given a full and fair opportunity to be heard on the issue." *Id.* (quotation omitted). Whether collateral estoppel bars a party from litigating an issue presents a mixed question of law and fact. *Id*.

We conclude that, even if Rutt's claims did not satisfy each element of collateral estoppel, the probate court did not err by concluding that Rutt should be precluded from litigating the remaining claims set forth in the petition because it has already conclusively adjudicated the underlying issues giving rise to those claims.[6] *See Loo v. Loo*, 520 N.W.2d 740, 743-44 (Minn. 1994) (reasoning that "[a]lthough none of the principles or doctrine requiring that judicial decisions have preclusive effect appl[ied] to this case in a technical sense," if the respondent's motion required adjudication of an issue that was litigated and

---

[6] Before the probate court and on appeal, the successor co-personal representatives argued that other procedural bars, including res judicata, law of the case, and the collateral-attack doctrine bar Rutt's current claims. The probate court did not decide whether any of these principles might apply. "[A]n undecided question is not usually amenable to appellate review." *Hoyt Inv. Co. v. Bloomington Com. & Trade Ctr. Assocs.*, 418 N.W.2d 173, 175 (Minn. 1988). But we "will not reverse a correct decision simply because it is based on incorrect reasons." *Katz v. Katz*, 408 N.W.2d 835, 839 (Minn. 1987).

8

decided on an earlier motion, the order on the earlier motion "must be given preclusive effect").

Indeed, each of Rutt's remaining claims hinge on an impermissible collateral attack of issues previously considered and conclusively adjudicated by the probate court. "'A collateral attack is [a]n attack on a judgment in a proceeding other than a direct appeal.'" *Great Plains Educ. Found. v. Student Loan Fin. Corp.*, 954 N.W.2d 844, 851 (Minn. App. 2020) (quoting *Aaron Carlson Corp. v. Cohen*, 933 N.W.2d 63, 71 (Minn. 2019)), *rev. denied* (Minn. Mar. 30, 2021).

> Where a direct attack on a judgment attempts to annul, amend, reverse, or vacate a judgment or to declare it void in an appropriate proceeding instituted initially and primarily for that purpose, an impermissible collateral attack similarly attacks the validity of a judgment, but the attack is purely secondary or incidental.

*Id.* (quotation omitted). That is precisely what Rutt is attempting to accomplish through his petition. All of Rutt's complaints about the conduct of the successor co-personal representatives have already been lodged by Rutt and rejected by the probate court. He complains in his petition that the successor co-personal representatives (1) refuse to settle, (2) refuse to file tax returns, (3) failed to provide financial information, (4) refused to acknowledge an error in the valuation of the lake home, (5) waste estate assets by pursuing foreclosure on Rutt's property where there was no equity in the property, and (6) elected to apply garnished wages to judgments with a lower interest rate before judgments with a higher interest rate. Our review of the record shows that Rutt has previously raised each of these arguments and litigated them, in some cases multiple times, without success. Rutt

9

cannot collaterally attack the earlier rulings of the probate court through a different procedural vehicle to relitigate these same claims.

Finally, we again emphasize that the decision to remove the successor co-personal representatives lies within the exclusive discretion of the probate court. *Martignacco*, 689 N.W.2d at 269. Like the probate court's determination with respect to the accounting claim, we read the probate court's order as an unwillingness to exercise that discretion when doing so involves a collateral attack on issues already decided by the probate court in other contexts. We therefore see no error in the dismissal of the petition.

**Affirmed.**